**CARROLL–McCREARY CO., Inc., v. COMMISSIONER OF INTERNAL REVENUE.**

**No. 56.**

Circuit Court of Appeals, Second Circuit.

Dec. 30, 1941.

---

[1] Hume v. United States, 5 Cir., 118 F. 689; Vaughn v. United States, 5 Cir., 93 F.2d 550.

James G. Moore, of New York City (Albert F. Strasburger, Jr., of New York City, of counsel), for petitioner.

Samuel O. Clark, Jr., Asst. Atty. Gen., and J. Louis Monarch and Newton K. Fox, Sp. Assts. to the Atty. Gen., for respondent.

Before SWAN, CHASE, and FRANK, Circuit Judges.

SWAN, Circuit Judge.

The primary issue presented by this appeal is whether the petitioner realized taxable income in 1934 from the cancellation by its officers, who were also its shareholders, of debts owed to them for unpaid salaries of prior years. If this issue be decided adversely to the petitioner, a question is raised as to the amount of such income, in view of the petitioner's insolvency before cancellation of the debts; and a further question as to whether the Board erred in refusing to consider evidence presented on a Rule 50 computation hearing.

There is no dispute as to the facts. The petitioner is a New York corporation all of whose stock was owned by three individuals who served as its officers. The corporation kept its books and filed its tax returns on the accrual basis. At the beginning of the taxable year in suit, 1934, it was indebted to its officers in the aggregate sum of $56,640 for unpaid portions of salaries earned during the years 1926 to 1929, inclusive. In each of those years the full salaries had been accrued upon the corporation's books and taken as deductions in its tax returns; and its officers in their personal tax returns had reported the full amount of their salaries, including the amounts unpaid. In 1934 the corporation was insolvent and entered into an agreement with a creditors' committee, by which it obtained from the creditors an extension of time and the promise of new merchandise. One of the provisions of the agreement required the officers to cancel their claims for unpaid salaries, and they did so. The Board ruled that the corporation derived income from such cancellation. Its opinion ended with the statement that "Decision will be entered under Rule 50". Pursuant thereto the parties filed computations, and at the hearings for settlement the petitioner tendered evidence (reserving its right to appeal from the original decision) to show that the cancellation of debts for unpaid salaries occurred on September 30, 1934, and caused the petitioner's assets to exceed its liabilities by $20,226.21. It contended that only to this extent should the $56,640 cancellation be regarded as taxable income. The Board rejected the evidence on the ground that the petitioner was in effect seeking a rehearing; it said that the statement in its opinion "Decision will be entered under Rule 50" was inadvertent and should have been "Decision will be entered for the respondent." It determined the deficiencies on the theory that cancellation of the indebtedness added the full amount thereof, $56,640, to the petitioner's 1934 income.

Article 24(a)-14 of Regulation 86, promulgated under the Revenue Act of 1934, is set out in the margin.[1] The peti-

---

[1] Regulations 86. "Art. 22(a)-14. Cancellation of indebtedness.—The cancellation of indebtedness, in whole or in part, may result in the realization of income. If, for example, an individual performs services for a creditor, who in consideration thereof cancels the debt, income in the amount of the debt is realized by the debtor as compensation for his services. A taxpayer realizes income by the payment or purchase of his obligations at less than their face value. (See Article 22(a)-18.) If a shareholder in a corporation which is indebted to him gratuitously forgives the debt, the transaction amounts to a contribution to the capital of the corporation. Income is not realized by a taxpayer by virtue of an ad-

tioner relies upon that provision of the Article which says that "If a shareholder in a corporation which is indebted to him gratuitously forgives the debt, the transaction amounts to a contribution to the capital of the corporation." Contributions to capital are, of course, not taxable as corporate income. But the Board held that income was realized by the petitioner since the case at bar falls outside the scope of the Regulation. This conclusion was reached on the ground that forgiveness of the debt for the unpaid salaries was not gratuitous because the officer-shareholders obtained advantages "in furthering the life of the company as accomplished by the agreement providing for the cancellation." Such a construction of the Regulation deprives it of any function whatever; for an indirect benefit of this character always results to the shareholder from a gift to his corporation. At least, this is true if the corporation is a going concern or if the gift enables it to continue in business even though insolvent. In our opinion the phrase "gratuitously forgives the debt" means simply that no consideration is paid by the corporation for release of the debt. We find nothing in Helvering v. Jane Holding Corp., 8 Cir., 109 F.2d 933, conflicting with this interpretation. The Board's order cannot be supported on the ground that release of the debts was not "gratuitous"; it was.

 The Commissioner next contends that the Regulation does not apply to the release of debts representing items which the corporation has deducted from gross income in its tax returns for prior years. This argument he buttresses by the citation of cases which treat as income recoveries on debts previously written off as worthless, as in Askin & Marine Co. v. Commissioner, 2 Cir., 66 F.2d 776 and Commissioner v. Liberty Bank & Trust Co., 6 Cir., 59 F.2d 320; or relate to expenses accrued and deducted but never paid, as in Chicago, R. I. & P. Ry. Co. v. Commissioner, 7 Cir., 47 F.2d 990, certiorari denied 284 U.S. 618, 52 S.Ct. 7, 76 L.Ed. 527; Charleston & W. C. Ry. Co. v. Burnet, 60 App.D.C. 192, 50 F.2d 342; Haden Co. v. Commissioner, 5 Cir., 118 F.2d 285; or deal with other somewhat

similar situations. Maryland Casualty Co. v. United States, 251 U.S. 342, 40 S.Ct. 155, 64 L.Ed. 297; Burnet v. Sanford & Brooks Co., 282 U.S. 359, 51 S.Ct. 150, 75 L.Ed. 383; Helvering v. Am. Chicle Co., 291 U.S. 426, 54 S.Ct. 460, 78 L.Ed. 891. None of these cases, however, involved the Regulation in question and they furnish no aid, in our opinion, to its proper construction. Article 24(a)-14 states broadly that a debt gratuitously forgiven by a shareholder is considered a contribution to capital. There is nothing in the language of the Article to suggest the Commissioner's limited construction that the Article is not to apply if the debts or items of expense they represent, have been used to decrease the corporation's income taxes in the prior years. That consideration we said in Commissioner v. Auto Strop Safety Razor Co., 2 Cir., 74 F.2d 226, 227, is foreign to the question of determining whether the release of a debt amounts to a contribution to capital. Moreover, if release by a shareholder-creditor is to be considered income in case the released debt had been used to reduce taxable income in a prior year, the same result should follow when bankruptcy discharges a claim for interest, wages or business expense deducted from gross income; yet the Regulation states clearly that income is not realized by a taxpayer by virtue of the discharge of his indebtedness in bankruptcy. We adhere to our decision in the Auto Strop case and hold that under the Regulation the petitioner at bar realized no income from the gratuitous cancellation of the debts for unpaid salaries owing to its officer shareholders.

This conclusion is not at variance with the actual decision in Helvering v. Jane Holding Corp., 8 Cir., 109 F.2d 933. As Judge Woodrough noted, at page 942, of 109 F.2d, this case is distinguishable from our Auto Strop decision because in the case before him the cancellation of the debt was not gratuitous and improvement of the capital structure was not the moving consideration for the cancellation. In so far as the opinion contains dicta contrary to the construction we have given the Regulation, we must respectfully disagree with them.

judication in bankruptcy, or by virtue of a composition agreement among his creditors if immediately thereafter the taxpayer's liabilities exceed the value of his assets."

Similar provisions have been in effect since Regulations 62, Art. 50, Act of 1921; Reg. 65, Art. 49 (1924); Reg. 69, Art. 49 (1926); Reg. 74, Art. 64 (1928); Reg. 77, Art. 64 (1932).

Having decided the primary issue in the taxpayer's favor, we need not consider the other questions briefed by the parties.

Order reversed.