regarding employment which a court has no way of deciding except by reference to its general knowledge or its inner consciousness. If there is foundation for the frequently reiterated phrase about the expert judgment of the administrative tribunal this would appear to be the type of situation where that expert judgment is most appropriately exercised. A court should uphold that judgment unless it obviously is contrary to law or is contrary to the facts proven. Here it fails by neither test. We think the interpretation given by the Board was right, but even if we were doubtful we think we should support it in the absence of a showing that it is wrong.

The petition will be granted and the appropriate decree may be submitted.

Harry Baum, of Washington, D. C. (Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key, and Robert N. Anderson, Sp. Assts. to Atty. Gen., on the brief), for respondent.

Before PARKER and GOODRICH, Circuit Judges, and BARD, District Judge.

### PER CURIAM.

The only question involved in the case is whether certain expenditures should be allowed as deductions from income of taxpayer, on the ground that they constituted ordinary and necessary business expenses within the meaning of sec. 23(a) of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, § 23(a). The question is one of fact (Com'r v. Heininger, 320 U.S. 467, 475, 64 S.Ct. 249); and the finding of the Tax Court finds ample support in the evidence. The decision appealed from will accordingly be affirmed. Dobson v. Com'r, 320 U.S. 489, 64 S.Ct. 239.

Affirmed.

### GEO. J. HAENN, Inc., v. COMMISSIONER OF INTERNAL REVENUE.

#### No. 8762.

Circuit Court of Appeals, Third Circuit.

Argued Feb. 12, 1945.

Decided Feb. 14, 1945.

Edward J. Mingey, of Philadelphia, Pa., for petitioner.

### BOWLES, Price Administrator, v. WINGFIELD.

#### No. 9849.

Circuit Court of Appeals, Sixth Circuit.

Feb. 6, 1945.

