## CHENANGO TEXTILE CORPORATION v. COMMISSIONER OF INTERNAL REVENUE.

### No 25.

Circuit Court of Appeals, Second Circuit.
March 23, 1945.

C. Addison Keeler, of Binghamton, N. Y., for petitioner.

Samuel O. Clark, J. Sewall Key, J. Louis Monarch, and Harold C. Wilkenfeld, all of Washington, D. C., for respondent.

Before SWAN, CHASE, and FRANK, Circuit Judges.

FRANK, Circuit Judge.

1. In Carroll-McCreary v. Commissioner of Internal Revenue, 2 Cir., 124 F.2d 303, 305, this court stated that "the phrase 'gratuitously forgives the debt'[1] means simply that no consideration is paid by the corporation for release of the debt." We are still of that opinion, especially since the rationale of the Carroll-McCreary case has been buttressed by the Supreme Court's decision in Helvering v. American Dental Co., 318 U.S. 322, 63 S.Ct. 577, 87 L.Ed.

785. There the Court said: "Where a stockholder gratuitously forgives the corporation's debt to himself, the transaction has long been recognized by the Treasury as a contribution to the capital of the corporation (318 U.S. 328, 63 S.Ct. 580). * * * We do not feel bound by the finding of the Board (Tax Court) because it reached its conclusion, in our opinion, upon application of erroneous legal standards. Section 22(b) (3) [26 U.S.C.A. Int.Rev. Acts, page 825] exempts gifts. This does not leave the Tax Court of the United States free to determine at will or upon evidence and without judicial review the tests to be applied to the facts to determine whether the result is or is not a gift. *The fact that the motives leading to the cancellations were those of business or even selfish, if it be true, is not significant. The forgiveness was gratuitous, a release of something to the debtor for nothing, and sufficient to make the cancellation here gifts within the statute"* [1a] (318 U.S. at pages 330, 331, 63 S.Ct. at page 582).

The Tax Court did not disregard these rules, but found the cases inapposite on the ground that "obviously there was substantial consideration flowing from all parties." We hardly think it obvious; in fact, we are unable to discover any consideration for the reduction of the debt by Mrs. Till. Even if the minority stockholders had been successful in their action, Mrs. Till would not have been required to surrender the note except upon the tender of the value, as of 1929, of the securities she had given in exchange for the note. And that amount was equal to the face amount of the note itself. Thus, Mrs. Till, regardless of the outcome of the suit, was entitled to retain the note or to receive an amount equal to its face value. She received nothing in return for a cancellation of a portion of the corporation's indebtedness to her. We cannot agree with the Tax Court that "Carroll-McCreary Co. v. Commissioner of Internal Revenue * * * is not in point." We think it governs the instant case.[2]

---

[1] Regulation 86, Art. 22(a)-14.

[1a] Italics added.

[2] The Tax Court, after finding a lack of donative intent, taxed the cancellation on an analogy to a short sale on the ground that the taxpayer had sold the stock in 1929, and the gain could not be ascertained until the price paid for it was finally determined by the cancellation of part of the debt in 1935. But we need not consider the questions raised as to the manner of taxation if these sums were income rather than gifts.

2. To reconcile the rationale of the American Dental case, supra, with that of Dobson v. Commissioner of Internal Revenue 320 U.S. 489, 64 S.Ct. 239, 88 L.Ed. 248, is not too easy.[2a] But we are convinced that the Dobson case has left the American Dental doctrine intact. The First Circuit has so indicated. Denholm & McKay Realty Co. v. Commissioner of Internal Revenue, 1 Cir., 139 F.2d 545, 550. And the Supreme Court has referred to the American Dental case this term, apparently as alive and kicking. See Claridge Apartments Co. v. Commissioner of Internal Revenue 323 U.S. 141, 146 n. 9, 65 S.Ct. 172. Since we find the American Dental decision controlling here, we think Commissioner of Internal Revenue v. Wemyss, 65 S.Ct. 652, is inapposite.

3. On the question of whether the taxpayer can deduct the payments to the lawyers of Mrs. Till and the minority stockholders, we are again faced with the problem of the scope of our review of Tax Court decisions. In Commissioner of Internal Revenue v. Heininger, 320 U.S. 467, 475, 64 S.Ct. 249, 254, 88 L.Ed. 171, decided on the same day as the Dobson case, the Court stated that whether expenses are ordinary and necessary "are doubtless pure questions of fact in most instances. Except where a question of law is unmistakably involved a decision of the Board of Tax Appeals [Tax Court] on these issues, having taken into account the presumption supporting the Commissioner's ruling, should not be reversed by the federal appellate courts. Careful adherence to this principle will result in a more orderly and uniform system of tax deductions in a field necessarily beset by innumerable complexities". Nevertheless, the Court, in the Heininger case, proceeded to sustain a reversal of the Tax Court by the Seventh Circuit, because the Tax Court had "denied the claimed deductions not by an independent exercise of judgment but upon a mistaken conviction that denial was required as a matter of law" (320 U.S. page 475, 64 S.Ct. 254).[3] In the instant case, just as in the Heininger case, the Tax Court cited appellate court opinions to justify its conclusion that these expenditures were not "ordinary and necessary." It is thus difficult to determine whether its conclusion derived from "an independent exercise of judgment."[4] But since there is not a "question of law * * * unmistakably involved" we shall assume that the decision was the result of a determination of fact and sustain the Tax Court's ruling on these legal fees.

Affirmed in part; reversed in part.

---

[2a] See Paul, Dobson v. Commissioner of Internal Revenue: The Strange Ways of Law and Fact (1944) 57 Harv.L.Rev. 753, 814 et seq.

[3] See Paul, op.cit., supra note 2a, at 789–791.

[4] See Id. at 848, 849.