**Leo PERLMAN and Sima Perlman, Petitioners-Appellants,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.**

**ESTATE of Paul BACKER, by Leo Perlman, Abraham S. Guterman, Alfred G. Baker Lewis, and Charles Backer, Executors, and Julia Backer, Petitioners-Appellants,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.**

Nos. 91, 92, Dockets 24693, 24730.

United States Court of Appeals Second Circuit.

Argued Feb. 6, 1958.

Decided March 4, 1958.

Abraham S. Guterman, New York City, for petitioners-appellants.

Morton K. Rothschild, Department of Justice, Washington, D. C. (Charles K. Rice, Asst. Atty. Gen., Lee A. Jackson, Department of Justice, Washington, D. C., on the brief), for respondent-appellee.

Before MEDINA, WATERMAN and MOORE, Circuit Judges.

MOORE, Circuit Judge.

The petitioners, Leo Perlman and Sima Perlman, his wife, appeal from a decision of the Tax Court, 27 T.C. 755, which adjudged a deficiency of $11,072.78 in their 1950 income tax. In a similar case a 1950 income tax deficiency of $9,517.68 was found against the Estate of Paul Backer and Julia Backer, his wife. The appeals in the two cases have been consolidated.

Leo Perlman participated in 1943 in the organization of a company now known as Union Casualty & Life Insurance Company (referred to as the "Company"). He was the executive vice-president and owned during the period in question 20% to 23.75% of the stock. Because of the then financial structure of the Company, Perlman received during the five years, 1943–1947, only a portion of his $7,500 annual salary, in total $19,886.20 out of the $37,500, leaving $17,613.80 accrued but unpaid. However, he paid an income tax on the full amount as if it had been received and the Company reported a similar amount as an expense.

In 1950 the Chief Examiner of the New York Department of Insurance insisted that the unpaid salary be disposed of by payment or by being written off. Because payment would have jeopardized the Company's condition, Perlman reluctantly consented to cancellation. Perlman deducted the $17,613.80 from petitioners' 1950 income tax return as a loss or expense and the Company included this amount as income in its return.

Backer also cancelled unpaid compensation under similar circumstances.

The sole question presented is whether the cancelled indebtedness represents a deduction from gross income as defined in sections 23 and 24 of the Internal Revenue Code of 1939, 26 U.S.C.A. §§ 23, 24 or is a contribution to the Company's capital.

Section 29.22(a)–13 of Treasury Regulations 111 (1939 Code) provides:

> "*Cancellation of Indebtedness.*— (a) *In General.*— * * *. In general, if a shareholder in a corporation which is indebted to him gratuitously forgives the debt, the transaction amounts to a contribution to the capital of the corporation to the extent of the principal of the debt."

Cancellation of the unpaid salary indebtedness was necessary to enable the Company to continue its business in which Perlman had a substantial person-

al and financial interest. The reasoning of this Court in Lidgerwood Mfg. Co. v. Commissioner, 2 Cir., 229 F.2d 241, certiorari denied, 351 U.S. 951, 76 S.Ct. 848, 100 L.Ed. 1475, is applicable here. Such a cancellation may be a contribution to capital even though a ratable contribution is not made by the other stockholders (Chenango Textile Corp. v. Commissioner, 2 Cir., 148 F.2d 296; Carroll-McCreary Co. v. Commissioner, 2 Cir., 124 F.2d 303).

The cancellation increased the capital of the Company. Petitioners are not without benefit from the transaction because as the Tax Court (Raum, J.), commented "it increased the basis of petitioner's stock, and he will obtain tax benefit therefrom when he subsequently sells or otherwise disposes of his stock in a taxable transaction."

The decisions of the Tax Court in Docket No. 24693 and Docket No. 24730 are affirmed.