**Walter M. SHELDON and Laura Sheldon, Petitioners,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

**No. 13490.**

United States Court of Appeals Seventh Circuit.

Feb. 19, 1962.

---

Thomas F. Pierce, James E. Whealan, Whealan & Pierce, Chicago, Ill., for petitioners.

Louis F. Oberdorfer, Asst. Atty. Gen., Earl J. Silbert, Atty., Tax Division, Lee A. Jackson, Joseph M. Howard, Attys., Dept. of Justice, Washington, D. C., for respondent.

Before HASTINGS, Chief Judge, and CASTLE and KILEY, Circuit Judges.

CASTLE, Circuit Judge.

This is a petition to review deficiencies assessed on income tax for 1953 in the amount of $5,414.82, and for 1955 in the amount of $1,548.38.

Most of the facts were stipulated and may be summarized as follows:

Walter M. Sheldon, hereinafter referred to as the taxpayer, and Laura Sheldon are husband and wife, and reside in Hinsdale, Illinois. They filed joint federal income tax returns for the calendar years 1953 and 1955. For many years the taxpayer has been an insurance agent for W. A. Alexander and Company, a nationwide general insurance firm, and at the time of this case, was Executive Vice President, a stockholder and director of that corporation.

The taxpayer in 1952 was elected President of the National Association of Insurance Agents, hereinafter called N.A.I.A., to serve for the year 1953.

One of the duties of the president of the N.A.I.A. was to attend meetings and conventions of the organization in various parts of the country and participate in their functions and social affairs. Laura Sheldon, taxpayer's wife, attended many of these conventions with him, and assisted in carrying on that part of the convention and meetings that were of a social nature, being a partner at dances and receptions and acting as hostess for the wives of the other members.

The taxpayer sought to deduct the amounts he expended for her as travelling expenses for the year 1953 under Section 23(a)(1)(A), Internal Revenue Code of 1939, 26 U.S.C.A. § 23(a)(1)(A). The Commissioner determined that these expenses were personal in nature and therefore, not deductible. His determination was upheld by the Tax Court on the basis of evidence presented.

Taxpayer produced no evidence showing a direct connection between expenses incurred and the carrying on of his trade or business. The evidence showed that the wife performed services mostly of a social nature.

Whether a travelling expense is necessary to a taxpayer's trade or business is a question of fact to be determined by the Tax Court and should not be disturbed unless clearly erroneous. Commissioner v. Flowers, 326 U.S. 465, 66 S.Ct. 250, 90 L.Ed. 203.

We hold that there is substantial evidence to support the finding of the Tax Court and that such finding is not clearly erroneous.

In 1955 John C. Bryan, a son of taxpayer's wife by a former marriage, was missing in Venezuela. The taxpayer spent about $2,700 in locating and interring Bryan's body. Taxpayer claims that under Illinois law this expenditure constituted a debt against Bryan's estate which gave rise to a non-business bad debt under Section 166(d)(1)(B) of the Internal Revenue Code of 1954, 26 U.S.C.A. § 166(d)(1)(B), when it became worthless. The evidence produced by the taxpayer failed to show what, if any, of the amounts paid were for funeral expenses. Most of the expenses were for discovering what happened to his stepson—whether he was alive or not. Taxpayer also testified that to the best of his knowledge, Bryan, the stepson, was an adventurous character and out of a job at the time, and without any estate. Thus he had little reason to expect that whatever he expended would be repaid.

It was explained by the taxpayer that his chief reason for making the investigation was to determine whether the boy was alive and to find out what had happened.

 Whether a particular expenditure is made with the intent of creating a debtor-creditor relationship, entitling taxpayer to a subsequent deduction for a bad debt, is a question of fact, and the holding of the Tax Court should be upheld if there is substantial evidence to support its finding. We hold that there was substantial evidence to support the finding of the Tax Court and that such finding is not clearly erroneous.

We have considered all of the contentions urged by the taxpayer but consider them without merit. Therefore, we affirm the decisions of the Tax Court as to the assessment of the 1953 and 1955 tax.

Affirmed.