FOREMAN MANUFACTURING COMPANY, INC. v. W. A. JOHNSON, COMMISSIONER OF REVENUE OF NORTH CAROLINA.

; (Filed 25 March 1964.)

**Taxation § 28c—**

> The forgiveness of an indebtedness by an officer-stockholder constitutes a contribution to capital and does not constitute income of the corporation, and therefore the forgiveness of such indebtedness does not offset a net operating loss of the corporation for a taxable year, and the corporation is entitled to carry forward such loss under the provisions of G.S. 105-147 (9) (d).

APPEAL by defendant from Morris, J., September 1963 Civil Session of PASQUOTANK.

Action to recover income taxes paid by the plaintiff corporation under protest.

The complaint alleges, and the answer admits the following facts:

During the fiscal year ending August 31, 1957 plaintiff, a North Carolina corporation, suffered a net operating loss of $48,575.87. In the same year an officer-stockholder forgave and canceled the corporation's unrelated debt in the amount of $70,654.21.

The $48,575.87 deficit was carried forward by the taxpayer as net economic loss and used as an offset against its taxable income for the fiscal years ending August 31, 1958, 1959, 1960, and 1961. Subsequently, the plaintiff's tax returns for the fiscal years 1959, 1960, and 1961 were adjusted by the North Carolina Department of Revenue and the economic loss deductions for those years disallowed. An additional assessment of taxes and interest resulted. Within thirty days after receiving notice of the assessment, plaintiff applied in writing to the defendant for a hearing. The hearing was held and the Commissioner

sustained the assessment. Plaintiff then paid it and the accrued interest thereon under protest and, within thirty days, demanded in writing a refund of the tax paid as provided by G.S. §§ 105-241.4, 267. The demand was denied and this action instituted to recover the sum of $2,-456.09 with interest from February 7, 1963. When the case came on for trial both plaintiff and defendant moved for judgment on the pleadings. His Honor allowed plaintiff's motion, and from a judgment that the plaintiff recover the amount claimed, the defendant appealed.

*John H. Hall for plaintiff appellee.*

*Attorney General Bruton and Assistant Attorneys General Barham and Brady for defendant appellant.*

· SHARP, J. Plaintiff claimed the 1957 net operating loss of $48,-575.87 as an allowable deduction against income in succeeding fiscal years under G.S. 105-147 (9) (d) which, in pertinent part, provides:

§ 105-147. Deductions. —In computing net income there shall be allowed as deductions the following items:
* * * * *

(9)   Losses of such nature as designated below:
* * * * *

d.   Losses in the nature of net economic losses sustained in any or all of the five preceding income years arising from business transactions or to capital or property as specified in a and b above subject to the following limitations:

1.   The purpose in allowing the deductions of net economic loss of a prior year or years is that of granting some measure of relief to taxpayers who have incurred economic misfortune or who are otherwise materially affected by strict adherence to the annual accounting rule in the determination of taxable income, and the deduction herein specified does not authorize the carrying forward of any particular items or category of loss except to the extent that such loss or losses shall result in the impairment of the net economic situation of the taxpayer such as to result in a net economic loss as hereinafter defined.

2.   The net economic loss for any year shall mean the amount by which allowable deductions for the year other than personal exemptions, nonbusiness deductions and prior year losses shall exceed income from all sources in the year including any income not taxable under this article.

Defendant contends that the cancellation of the $70,654.21 indebtedness due its officer-stockholder during the fiscal year 1957 offset the plaintiff's net operating loss and actually resulted in a $22,078.34 improvement in its net economic situation for that year; that, therefore, plaintiff was not entitled to a carry-over deduction because of the limitation in subsection 1 of G.S. 105-147 (9) (d). He concedes, however, that if the amount which the corporation realized by the forgiveness of the indebtedness were not income, it did sustain a net economic loss within the meaning of subsection (2) of G.S. 105-147 (9) (d).

The case presents this single question for decision: Does the forgiveness of an indebtedness by an officer-stockholder constitute income to the corporation or a contribution to its capital?

"Contributions to capital are, of course, not taxable as corporate income." Carroll-McCreary Co. v. Commissioner, 124 F. 2d 303 (2d Cir. 1941). Capital is the money and other property adventured in the business. 12 C.J.S. 1121, 1122. Income is the fruit of capital. The phrase "contribution to capital" is a term which, when applied to private corporations, is ordinarily understood to mean the fund or property contributed or agreed to be contributed by stockholders as the financial basis for the prosecution of the business. It signifies those resources which support the capital stock and which are irrevocably dedicated to the satisfaction of all obligations of the corporation. Detroit Edison Co. v. Commissioner, 131 F. 2d 619 (6th Cir. 1942). Therefore, a stockholder who, in order to aid a corporation in financial difficulty, gratuitously cancels its indebtedness to him, simply makes an additional investment in the capital of the corporation. He may not deduct such forgiveness as a loss in computing his income tax for the year in which the contribution was made. Johnson, Drake & Piper, Inc. v. Helvering, 69 F. 2d 151 (8th Cir. 1934); 27 Am. Jur. Income Tax § 113; Annot., 39 A.L.R. 2d 878, 935. "Where a stockholder gratuitously forgives the corporation's debt to himself, the transaction has long been recognized by the Treasury as a contribution to the capital of the corporation." Helvering v. American Dental Co., 318 U.S. 322 (1943); Carroll-McCreary Co. v. Commissioner, supra, Chenango Textile Corp. v. Commissioner, 148 F. 2d 296 (2d Cir. 1945); Reg. § 1.61-12(a); 3 Rabkin & Johnson, Federal Income, Gift & Estate Taxation, § 36.08.

Under Int. Rev. Code of 1954, § 61(12) gross income includes "income from discharge of indebtedness," but by a special rule of exclusion in § 108, the discharge of any indebtedness for which a corporate taxpayer is liable is not included in its gross income for the taxable year if it reduces the basis of its property by the amount of the debt discharged in accordance with § 1017.

MANUFACTURING CO. v. JOHNSON, COMR. OF REVENUE.

The North Carolina Income Tax Law contains no provision similar to § 108 of the 1954 Code. Our statute taxes "income derived from any source whatever and in whatever form paid." G.S. 105-141(a).

The value of property acquired by gift is excluded from both State and Federal income tax. G.S. 105-141 (b) (3); Int. Rev. Code of 1954 § 102. A gift is usually defined as a voluntary transfer of property by one to another without any consideration therefor. Theoretically, a contribution by a stockholder increases the resources of the corporation and the value of all the stock, including his own, proportionately. This business aspect removes such a transaction from the concept of a pure gift. However, such a gift to a corporation necessarily constitutes a gift to the other stockholders.

In *American Dental Co., supra,* the Supreme Court held that the gratuitous release by creditors of accrued rent and interest on merchandise purchased constituted a gift to the corporation which was not subject to income tax. The court said: "The fact that the motives leading to the cancellation were those of business or even selfish, if it be true, is not significant. The forgiveness was gratuitous, a release of something to the debtor for nothing, and sufficient to make the cancellation here gifts within the statute." (Section 22(b) (3) of the Revenue Code of 1939). The creditor-donors in *American Dental Co.* were not stockholders. When a creditor who is a stranger to the corporation forgives its debt to him, the forgiveness is exempt from income tax under the exclusion of gifts. When a stockholder gratuitously cancels the debt the corporation owes him, the transaction is denominated a contribution to capital. See *George Hall Corp. v. Commissioner,* 2 T. Ct. 146; *Pacific Magnesium, Inc. v. Westover,* 86 F. Supp. 644, 649, (S.D. Cal. 1949). Subject to Int. Rev. Code of 1954, § 1017, the tax result is the same. However, neither constitutes income under state or federal law.

We hold that the forgiveness of the debt in question constituted a contribution to the capital of the plaintiff corporation and was therefore not taxable income. The judgment of the Superior Court is

Affirmed.