**Dennis McCABE, Petitioner-Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.**

No. 646, Docket 81–4175.

United States Court of Appeals,
Second Circuit.

Argued Jan. 25, 1982.

Decided April 14, 1982.

As Amended July 22, 1982.

Certiorari Denied Oct. 12, 1982.
See 103 S.Ct. 208.

Paul Brenner, New York City (Richard Hartman, Jeffrey S. Wasserman, Law Office of Richard Hartman, New York City, on the brief), for petitioner-appellant.

Steven I. Frahm, Atty., Tax Div., Dept. of Justice, Washington, D.C. (Glenn L. Archer, Jr., Asst. Atty. Gen., Washington, D.C., Michael L. Paup, Chief, Appellate Section, Tax. Div., Dept. of Justice, Washington, D.C., Jonathan S. Cohen, Atty., Tax Div., Dept. of Justice, Washington, D.C., on the brief), for respondent-appellee.

Before MESKILL and CARDAMONE, Circuit Judges, and HOLDEN,[*] District Judge.

## CARDAMONE, Circuit Judge:

The appellant, Dennis McCabe, a police officer employed by the City of New York, was required to carry his service revolver at all times while in the City. To reach his place of employment the most direct route from his home in Suffern, New York is through the State of New Jersey. New Jersey will allow an officer such as petitioner to carry a weapon only by permit. Stating that he could not expect to obtain a New Jersey permit, appellant carried his service revolver on his person and used his own automobile as his mode of transportation to and from work. As a result he claimed an employee business deduction in the amount of $2,950 for automobile expense on his 1976 tax return. The Commissioner of Internal Revenue, appellee, disallowed the claimed deduction and the Tax Court affirmed that determination. Appellant appeals from that decision. We affirm for the reasons which follow.

[*] Honorable James S. Holden, Chief Judge of the United States District Court for the District of Vermont, sitting by designation.

1. Patrol Guide Section 105–1, which so provided, has since been amended so that police officers are no longer required to carry a firearm while "off duty."

2. It is not clear from the stipulated facts whether the Commissioner concedes that had appellant actually applied for a New Jersey gun permit, such application would have been

## FACTS

The facts of this case were stipulated and may be briefly stated. At the time he filed his petition in 1976 appellant resided in Suffern, New York. Suffern, a relatively remote suburb of New York City, lies west of the Hudson River and immediately adjacent to the State of New Jersey. Appellant was employed as a New York City police officer assigned exclusively to Manhattan's Twenty-Eighth Precinct. The regulations of the New York City Police Department then in effect required police officers to be armed at all times when in the City, unless otherwise directed.[1] The State of New Jersey, through which petitioner would travel were he to·commute to work by the most direct route, permits officers employed by governmental agencies outside the State to carry weapons in New Jersey only while engaged in official duties and upon prior notification to local police authorities. See N.J.Stat.Ann. § 2A:151–43(s) (West 1969) (repealed 1979) (Current version at N.J. Stat.Ann. § 2C:39–6(b)(1) (West 1980). New York City police officers carrying a service revolver through New Jersey either by public or private conveyance would be in violation of New Jersey law without a New Jersey gun permit. Generally, New Jersey authorities issue gun permits only to those persons whose job requirements necessitate that they be armed in New Jersey or to persons able to establish urgent need.[2]

Throughout 1976 appellant used his personal automobile as his exclusive means of commuting to and from his duty station at the Twenty-Eighth Precinct. While commuting he carried his service revolver on his person and did not modify his automobile to

turned down. Appellant claims that this was the intent of the language included in the stipulation. Since the government may have misled appellant into believing that he need not apply for the New Jersey gun permit, we find it desirable to resolve whatever ambiguity may exist in appellant's favor so as to allow for a determination of this case. We do not mean to suggest that the general rule requiring exhaustion of administrative remedies is to be lessened.

accommodate the gun. Therefore, the cost of operating the vehicle by carrying a revolver was the same as it would have been had he commuted to his job by automobile without the revolver. But the record clearly establishes that appellant's commuting costs could have been reduced had he been able to travel through New Jersey.[3] The record further shows that ample public transportation existed from Suffern to New York City.[4] Since much of the convenient public transportation went through New Jersey, appellant would have again been faced with the need for a New Jersey gun permit.

On his 1976 income tax return appellant claimed $2,950[5] in automobile expenses as a deduction on Form 2106, Employee Business Expenses. This deduction represented the commuting costs of driving 17,600 miles between Suffern and New York City, which included bridge and thruway tolls. The Commissioner of Internal Revenue disallowed the entire deduction and the Tax Court affirmed.

## DISCUSSION

### I

At issue before us is when the ordinary and necessary business deduction embodied in Internal Revenue Code (I.R.C.) section 162(a) (1976)[6] may properly be claimed. We first analyze this issue to determine whether it is one of fact or law. In *Commissioner v. Heininger*, 320 U.S. 467, 64 S.Ct. 249, 88 L.Ed. 171 (1943), the Supreme Court stated that "[w]hether an expenditure is directly related to a business and whether it is ordinary and necessary are doubtless pure questions of fact in most instances. Except where a *question of law is unmistakably involved* a decision of the Board of Tax Appeals [presently the United States Tax Court] on these issues ... should not be reversed by the federal appellate courts." *Id.* at 475, 64 S.Ct. at 254 (emphasis supplied) (footnote omitted). *See, e.g., Sibla v. Commissioner*, 611 F.2d 1260 (9th Cir. 1980); *Sheldon v. Commissioner*, 299 F.2d 48 (7th Cir. 1962); *Chenango Textile Corp. v. Commissioner*, 148 F.2d 296 (2d Cir. 1945); *Geo. J. Haenn v. Commissioner*, 147 F.2d 682 (3d Cir. 1945); *see also, Dobson v. Commissioner*, 320 U.S. 489, 64 S.Ct. 239, 88 L.Ed. 248 (1943).[7]

As we recognized in *Chenango* the determination of whether a question is one of law or one of fact is not always easy. This is particularly true where the lower court

3. A daily round trip was approximately eighty miles via New York highways with toll costs of two dollars per day and took approximately seventy-five minutes one way. Were appellant to have driven through New Jersey his toll costs would have been one dollar and fifty cents per day, the distance traveled would have been approximately fifty miles and travel time approximately forty-five minutes one way.

4. The Shortline Bus Company provided weekday departures from Suffern to New York City at least as frequently as every fifteen minutes between 6:00 a. m. and 8:00 a. m. in the morning. In the evening between 4:00 p. .m. and 6:10 p. m. weekday departures left New York City for Suffern at least as frequently as every twenty minutes. Appellant's tour of duty during 1976 consisted of working weekdays from 8:00 to 4:00 p. m.

5. Appellant no longer seeks a deduction in the amount of $2,950. Instead the dispute concerns only a portion of that sum—the difference between the cost of driving through New York and the cost of public transportation passing through New Jersey—which has not been given a dollar amount in the record before us.

6. Section 162(a) provides that:
   In General.—There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business....
   I.R.C. § 162(a) (1976).

7. For discussions on the scope of appellate review of a Tax Court decision, see generally, *Commissioner v. Idaho Power Co.*, 418 U.S. 1, 94 S.Ct. 2757, 41 L.Ed.2d 535 (1974) (Douglas, J., dissenting); *Commissioner v. Duberstein*, 363 U.S. 278, 80 S.Ct. 1190, 4 L.Ed.2d 1218 (1960); *Burton-Sutton Oil Co. v. Commissioner*, 328 U.S. 25, 66 S.Ct. 861, 90 L.Ed. 1062 (1946) (Frankfurter, J., concurring); *Commissioner v. Wilcox*, 327 U.S. 404, 66 S.Ct. 546, 90 L.Ed. 752 (1946); *John Kelley Co. v. Commissioner*, 326 U.S. 521, 66 S.Ct. 299, 90 L.Ed. 278 (1946); *Trust of Bingham v. Commissioner*, 325 U.S. 365, 65 S.Ct. 1232, 89 L.Ed. 1670 (1945) (Frankfurter, J., concurring).

cites appellate court opinions to justify its conclusion, since it then becomes difficult to determine whether that court exercised its own independent judgment. In *Chenango* we resolved this dilemma by placing particular emphasis on the Supreme Court's language in *Heininger*. "[S]ince there is not a 'question of law ... unmistakably involved' we shall assume that the decision was the result of a determination of fact...." *Chenango*, 148 F.2d at 298.

■ Here we are asked to rule on the ordinary and necessary business deduction. This is a factual inquiry and one which has been answered by the Tax Court. However, as in *Chenango*, the lower court relied on appellate court opinions to justify its conclusion. Because it cannot be said that a question of law is not unmistakably involved, we employ the *Chenango* rule and assume that the Tax Court's decision was the result of a determination of fact. In the context of a question of fact it will be necessary to determine only whether the Tax Court's decision was clearly erroneous, i.e., not adequately supported by the evidence, which will be discussed at II, *infra*.

Internal Revenue Code section 162 is concerned with expenses incurred as a direct result of engaging in business. For appellant to prevail he must establish that his expense falls within the general provisions of section 162(a) [8]—ordinary and necessary expenses of carrying on a trade or business. We agree with the determination of the Tax Court that petitioner failed to meet his burden in this regard.

■ For section 162 purposes "ordinary" means normal and expected; "necessary" means appropriate and helpful. *Commissioner v. Heininger*, 320 U.S. at 471, 64 S.Ct. at 252. Thus, the question becomes whether petitioner's additional expenses were appropriate, helpful, normal and expected under the circumstances or so personal in nature as to be non-deductible under I.R.C. § 262 (1976).[9]

■ One well-established rule in tax law is that expenses incurred as a result of commuting from home to work are personal and not deductible under section 162. Treasury Regulation section 1.162–2(e) provides that "[c]ommuters' fares are not considered as business expenses and are not deductible." Treas.Reg. § 1.162–2(e) (1958). *See also*, Treas.Reg. § 1.262–1(b)(5) (1972). The controlling precedent on this issue is *Commissioner v. Flowers*, 326 U.S. 465, 66 S.Ct. 250, 90 L.Ed. 203 (1946).

■ In *Flowers* the Court was faced with a case involving a taxpayer who lived in Jackson, Mississippi and worked in Mobile, Alabama. The taxpayer tried to deduct the travel expenses incurred in his excursions between the two cities and also claimed his expenditures for meals and hotel accommodations while in Mobile. The Supreme Court ruled that the additional expenses, including the commuting expenses, were not deductible. Although *Flowers* was concerned mostly with what is now I.R.C. § 162(a)(2) [10], the Court's general analysis of section 162 sheds illumination on the question before us. In setting forth the final prong of a three-part test of travel

---

**8.** Section 162(a), see note 6, *supra*, provides the general rule on the deductability of business expenses. The list of specific deductions found in paragraphs (a)(1) through (a)(3) is exemplary only. For instance (a)(1) deals with salaries and compensation, while (a)(3) concerns rent and other payments required for possession of business property. Paragraph (a)(2) deals with travel expenses incurred "while away from home," a phrase which has been "held to relate only to overnight trips or to travel requiring sleep or rest." *Gilberg v. Commissioner*, 55 T.C. 611, 614 (1971). *See, United States v.*

*Correll*, 389 U.S. 299, 88 S.Ct. 445, 19 L.Ed.2d 537 (1967). Nowhere in the record has appellant contended that he incurred expenses "while away from home." Thus for appellant to prevail he must establish that he is covered by the general provisions of section 162(a).

**9.** "Except as otherwise expressly provided in this chapter, no deduction shall be allowed for personal, living, or family expenses." I.R.C. § 262 (1976).

**10.** See note 8, *supra*.

expense deductibility,[11] the Court stated that the "expense must be incurred in pursuit of business. This means that there must be a direct connection between the expenditure and the carrying on of the trade or business of the taxpayer or of his employer. Moreover, such an expenditure must be necessary or appropriate to the development and pursuit of the business or trade." 326 U.S. at 470, 66 S.Ct. at 252. The Court concluded that the traveling expenses were "not incurred in pursuit of the business of the taxpayer's employer." *Id.* at 473, 66 S.Ct. at 253. Further, the added costs were said to be "unnecessary and inappropriate" to the development of the employer's business. *Id.* The Court was of the view that the sole cause of the expense was the taxpayer's personal desire to reside in Jackson, "a factor irrelevant to the maintenance and prosecution of the [employer's] legal business." *Id.* Thus, personal convenience cannot be the motivating factor behind a section 162(a) deduction. Where one chooses to live is generally a matter of personal convenience. *See, e.g., Hitt v. Commissioner,* 55 T.C. 628 (1971); *Gilberg v. Commissioner,* 55 T.C. 611 (1971).

An exception to the commuting rule appears in *Fausner v. Commissioner,* 413 U.S. 838, 93 S.Ct. 2820, 37 L.Ed.2d 996 (1973). *Fausner* acknowledged that commuting expenses are not deductible. "Congress has determined that all taxpayers shall bear the expense of commuting to and from work without receiving a deduction for that expense. We cannot read § 262 of the Internal Revenue Code as excluding such [commuting] expense[s] from 'personal' expenses because by happenstance the taxpayer must carry incidentals of his occupation with him." 413 U.S. at 839, 93 S.Ct. at 2821 (footnote omitted). The brief *per curiam* states, however, that "[a]dditional expenses may at times be incurred for transporting job-required tools and material to and from

work. Then an allocation of costs between 'personal' and 'business' expenses may be feasible." *Id.* (footnotes omitted). While the Court provided little or no guidance as what kind of circumstances should trigger such an allocation, its specific reference to the commuter rule would indicate that the requirements of section 162(a)—ordinary and necessary—must first be established before reaching the additional step of allocating.

■ The Internal Revenue Service in Revenue Ruling 75–380, 1975–2 C.B. 59 sought to explain *Fausner.* It stated that for additional expenses to be deductible the taxpayer must first establish "the necessity of transporting work implements to and from work." 1975–2 C.B. at 60. Giving the word "necessity" its usual meaning in tax law, it again appears that the taxpayer must establish that the additional expenses were *appropriate and helpful to the employer's legal business* and not personal in nature.

## II

With this background in mind we may resolve the case presently before us. Appellant has argued that he may deduct the additional traveling expense incurred by reason of the use of his automobile in transporting his police revolver. However, a majority of the Tax Court ruled, sitting *en banc:*

> that petitioner's additional commuting expenses were not directly connected with the pursuit of his employer's business, but were principally the result of his decision to reside in a comparatively remote suburb adjacent to New Jersey. Accordingly, petitioner is entitled to no deduction for his commuting expenses under section 162(a), I.R.C.1954, since such expenses were not necessary for the conduct of his employer's business.

11. The first two prongs which must be satisfied before a traveling expense deduction may be taken under section 162(a)(2) are:

(1) The expense must be a reasonable and necessary traveling expense, as that term is generally understood. This includes such items as transportation fares and food and lodging expenses incurred while traveling. (2) The expense must be incurred "while away from home."
*Commissioner v. Flowers,* 326 U.S. 465, 470, 66 S.Ct. 250, 252, 90 L.Ed. 203 (1946).

*McCabe v. Commissioner*, 76 T.C. 876, 881 (1981).

We are persuaded that the critical finding of the Tax Court, as set out above, is adequately based on permissible inferences derived from the stipulated facts. The New York City requirement that police officers be armed within city limits presented a problem for appellant simply because of the location of his home. Had he lived almost any place else in the New York City metropolitan area of New York State he would not have had to travel through the neighboring state of New Jersey. The Police Department required that officers be armed within New York City limits; it did not require them to be armed otherwise. Thus, the added expense incurred by appellant did not further the New York City Police Department's business of preventing crime within the City itself.

Finally, appellant's argument that he falls with the ambit of *Fausner* is fatally defective. Although concededly he incurred additional expense, in order to deduct it he must first show that it was ordinary and necessary. As noted, the location of one's home is personal and did not serve to further the business of the taxpayer's employer in this case.

The judgment is affirmed.

MESKILL, Circuit Judge (dissenting):

I respectfully dissent.

I cannot agree with the majority's conclusion that McCabe's additional commuting costs were entirely a result of his personal choice of residence. In *Fausner v. Commissioner*, 413 U.S. 838, 93 S.Ct. 2820, 37 L.Ed.2d 996 (1973) (per curiam), the Supreme Court disallowed a deduction for commuting costs where the taxpayer, a commercial airlines pilot, claimed that his "automobile expenses were incurred to transport his flight bag and overnight bag and thus constituted ordinary and necessary business expenses." *Id.* at 838, 93 S.Ct. 2820, 37 L.Ed.2d 996. Because the taxpayer would have driven to work via the same route in any event, the Court found that no "allocation of costs between 'personal' and 'business' expenses" was feasible. *Id.* at

839, 93 S.Ct. at 2821. The Internal Revenue Service has construed *Fausner*

> to allow an ordinary and necessary business expense deduction for only the portion of the cost of transporting the work implements by the mode of transportation used which is in excess of cost of commuting by the same mode of transportation without the work implements. The fact that a taxpayer might have or would have used a less expensive mode of transportation if it had not been necessary to carrying the work implements is immaterial.

Rev.Rul. 75–380, 1975–2 C.B. 59, 60.

This case is factually distinguishable from *Fausner*. Had McCabe driven to work without his firearm, he could have travelled through New Jersey. As a result of his alleged inability to secure a New Jersey gun permit, however, McCabe was forced to take a circuitous route, adding fifty cents in tolls and fifteen miles to his commute. *Compare* Stipulated Facts, ¶¶ 13–14 *with* Stipulated Facts, ¶¶ 30–31. Certainly, these additional costs were caused by his employer's requirement that he carry his firearm at all times while within New York City and can be allocated as "business" expenses under *Fausner*.

The majority's reasoning, that "the location of one's home is personal and did not serve to further the business of the taxpayer's employer in this case," Maj. op. at 107, drawn to its logical extreme, would disallow or render meaningless almost all *Fausner*-type deductions. A taxpayer can almost always reduce or eliminate his excess commuting costs by living closer to his work location. The real issue is whether, given the location of McCabe's residence and his selection of a reasonable mode of travel, he incurred additional "ordinary and necessary" commuting costs "in the pursuit of the business of the taxpayer's employer." *Commissioner v. Flowers*, 326 U.S. 465, 473, 66 S.Ct. 250, 253, 90 L.Ed. 203 (1946). To the extent that McCabe's change in route of travel was necessary to satisfy his employer's requirement that he carry his firearm while in New York City, I believe that he is entitled to a deduction under section 162(a) of the Internal Revenue Code.

The record does not indicate, however, whether McCabe ever applied for a New Jersey gun permit or demonstrated the futility of such an application. McCabe's inability to obtain a permit is critical to his argument that his additional commuting costs are deductible as "ordinary and necessary" business expenses pursuant to section 162(a). The sole factual stipulation concerning his attempt to obtain a permit states:

> Generally, New Jersey authorities issue gun permits only to those individuals with job requirements necessitating that they be armed in that state or to individuals who can establish other urgent need. Applications for gun permits are evaluated on their own merits.

Stipulated Facts, ¶9. I would therefore remand this case to the Tax Court for a determination of what efforts, if any, McCabe made to acquire a permit. If the Tax Court determined that McCabe never applied for a permit or that he failed to demonstrate the futility of an application, the Court should disallow his deduction for failure to meet the threshold showing that the added commuting expenses incurred were necessary. If the Court were satisfied, however, that McCabe could not obtain a permit, it should allow his deduction under section 162(a).