CLAIRE M. AND MABEL W. CROUGHAN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Croughan v. Commissioner
Docket No. 8311-87.
United States Tax Court
T.C. Memo 1988-303; 1988 Tax Ct. Memo LEXIS 327; 55 T.C.M. (CCH) 1273; T.C.M. (RIA) 88303; July 20, 1988. Mabel Croughan, pro se. Laurie Honjiyo, for the respondent. PANUTHOS
MEMORANDUM FINDINGS OF FACT AND OPINION PANUTHOS, Special Trial Judge: Respondent determined a deficiency in petitioners' Federal income tax for the taxable year 1983 in the amount of $ 143.00. The deficiency stems from respondent's determination that petitioners were not entitled *328 to claim deductions in 1933 for certain medical expenses and employee business expenses. [1] After concessions by petitioners, the question for decision is whether petitioners are entitled to claim a deduction for costs incurred by petitioner Mabel W. Croughan (hereinafter petitioner) in driving her automobile to and from work to the extent such costs exceeded the costs of commuting by public transportation. FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts and related exhibits are incorporated herein by this reference. Petitioners are husband and wife. They filed a joint Federal income tax return for the taxable *329 year 1983. During 1983 and at the time of filing the petition herein, petitioners resided at Novato, California. Petitioner was employed as the director and supervising micro-biologist of the Marin County Public Health Laboratory during 1983. At the time she began employment there, petitioner was informed that she would be required, as a condition of her employment, to have her car available at all times. One of her duties was to transport specimens from her own place of employment to other public health facilities. Petitioner requested the use of a county car for this purpose, but her request was denied. Instead, petitioner was reimbursed by her employer on a mileage basis for the use of her own car while on county business. [2]
Petitioner lived three blocks from a bus stop and her office was one block from the bus station downtown. If petitioner had not been required to have her car available at work, she would have commuted to work by bus. On their joint income tax return for 1983, petitioners claimed a deduction in the amount of $ 298 as the cost to petitioner of driving her car between her home and her *330 place of employment. However, at trial, petitioner claimed that she was entitled to an increased deduction for the cost of driving to and from work. [3]
Respondent contends that the automobile expenses petitioner seeks to deduct for 1983 are nondeductible personal expenses because they were incurred by petitioner in commuting between her home and her place of employment. Petitioner maintains that the automobile expenses are deductible to the extent they exceed the costs petitioner would have incurred had she taken public transportation. In this regard, petitioner argues that her car was a "tool" which she was required to transport to and from the workplace to satisfy a condition of her employment. OPINION Section 162(a) allows a deduction for expenses incurred in using an automobile in connection with a trade or business. However, it is well established that expenses incurred by a taxpayer in commuting to and from work are nondeductible personal expenses. Sections 1.162-2(e) and 1.262-1(b)(5), *331 Income Tax Regs.; Fausner v. Commissioner,413 U.S. 838 (1973); Commissioner v. Flowers,326 U.S. 465 (1946); McCabe v. Commissioner,688 F.2d 102 (2d Cir. 1982), affg. 76 T.C. (1981). Under certain limited circumstances employees who incur additional expenses over and above their basic commuting costs as a result of transporting tools required in their trade or business may deduct the additional expenses under section 162. See Fausner v. Commissioner, supra at 839; McCabe v. Commissioner, 76 T.C. at 879. To deduct expenses under this exception, a taxpayer must prove that (1) he transported tools to work, and (2) the same commuting expenses would not have been incurred had he not been required to carry the tools. If the taxpayer would have driven to work regardless of the necessity of transporting tools, no additional expense has been incurred and no part of the commuting cost is deductible. Feistman v. Commissioner,63 T.C. 129, 135 (1974); Gilberg v. Commissioner,55 T.C. 611, 619 (1971). This Court has previously rejected the contention that an automobile *332 is a tool used in a trade or business which a taxpayer might be required to transport to and from his place of employment. Krambo v. Commissioner,T.C. Memo. 1980-425. The Court reasoned in Krambo that this argument was without merit because that was no requirement that the car be transported, only that it be available at work. As in Krambo, no requirement that the car be transported existed here. Petitioner's decision to drive the car to and from home rather than leave it at her place of employment was personal and satisfied no requirement of her employer.[4]
Deductions are a matter of legislative grace, and statutory provisions allowing them are to be construed narrowly. New Colonial Ice Co. v. Helvering,292 U.S. 435, 440 (1934). Petitioner has not established that she was required by her employer to transport her automobile to and from work each day. Accordingly, we find that petitioners are not entitled to the claimed deduction. To reflect the foregoing, Decision will be *333 entered for respondent.
Footnotes
1. This case was assigned pursuant to section 7443A and Rule 180. Although it was originally designated as a small tax case under section 7463, at the trial of this matter, petitioners made an oral motion to remove the small tax case designation. The Court granted petitioners' Motion and accordingly ordered the small tax case designation removed. All section references are to the Internal Revenue Code as in effect for the year in issue, and all rule references are to the Tax Court Rules of Practice and Procedure. ↩
2. Petitioners did not claim a deduction for these expenses. ↩
3. Petitioner calculated the increased deduction under a formula supplied by respondent in a prior year. Because of our findings herein, we need not consider this increased claim. ↩
4. There is evidence in the record that petitioner was concerned that her car would be vandalized if it was left at her place of employment overnight. ↩