12-4384-ag
*J & M Futon Covers Corp. v. C.I.R.*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of June, two thousand thirteen.

PRESENT:

GUIDO CALABRESI,
JOSÉ A. CABRANES,
ROBERT D. SACK,
        *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

J & M FUTON COVERS CORPORATION,

        *Petitioner-Appellant,*

        -v.-                              No. 12-4384-ag

COMMISSIONER OF INTERNAL REVENUE,

        *Respondent-Appellee.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR PETITIONER-APPELLANT:**        FELIPE ("PHILIP") E. ORNER, Flushing, NY.

**FOR RESPONDENT-APPELLEE:**        TERESA T. MILTON (Richard Farber, *on the brief*), *for* Kathryn Keneally, Assistant Attorney General, Department of Justice, Tax Division, Washington, DC.

Appeal from the August 13, 2012 decisions of the United States Tax Court (David Gustafson, *Judge*).

1

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the August 13, 2012 decisions of the Tax Court be **AFFIRMED**.

Petitioner J & M Futon Covers Corp. ("J & M") appeals from two decisions of the Tax Court, which held J & M liable for past income tax due, as well as a related penalty, for the years 2006 and 2007. In substance, the Tax Court disallowed J & M's claimed income tax deductions for money spent covering certain car leases and some highway tolls for its employees and officers. We review the legal rulings of the Tax Court *de novo* and its factual determinations for clear error. *City Wide Transit, Inc. v. C.I.R.*, 709 F.3d 102, 106 (2d Cir. 2013); *see also* 26 U.S.C. § 7482(a)(1) (providing that courts of appeals shall review decisions of the Tax Court "in the same manner and to the same extent as decisions of the district courts in civil actions tried without a jury"). We assume familiarity with the underlying facts and procedural history of this case.

We affirm the decisions of the Tax Court substantially for the reasons set out in its clear and thorough consolidated Bench Opinion of February 1, 2012. In particular, we note that it is a long-established "rule in tax law . . . that expenses incurred as a result of commuting from home to work are personal and not deductible" by the company as business expenses. *McCabe v. C.I.R.*, 688 F.2d 102, 105 (2d Cir. 1982) (relying on *Commissioner v. Flowers*, 326 U.S. 465, 473 (1946)); *see also* 26 U.S.C. § 162.[1] Accordingly, J & M bore the burden of substantiating its claims that the cost of the vehicles and tolls were incurred as ordinary and necessary business expenses, and not as personal commuting expenses of J & M's employees and officers. *See* 26 U.S.C. § 274.[2] As the Tax Court amply explained, J & M did not carry this burden.

---

[1] In relevant part, 26 U.S.C. § 162 provides:

**(a) In general**.--There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including--

    **(1)** a reasonable allowance for salaries or other compensation for personal services actually rendered;

    **(2)** traveling expenses (including amounts expended for meals and lodging other than amounts which are lavish or extravagant under the circumstances) while away from home in the pursuit of a trade or business; and

    **(3)** rentals or other payments required to be made as a condition to the continued use or possession, for purposes of the trade or business, of property to which the taxpayer has not taken or is not taking title or in which he has no equity.

[2] In relevant part, 26 U.S.C. § 274 provides:

**(d) Substantiation required**.--No deduction or credit shall be allowed--

    **(1)** under section 162 . . . , [or]

    . . .

    **(4)** with respect to any listed property (as defined in section 280F(d)(4)),

unless the taxpayer substantiates by adequate records or by sufficient evidence corroborating the taxpayer's own statement (A) the amount of such expense or other item, (B) the time and place of the travel, entertainment, amusement, recreation, or use of the facility or property, or the date and description of the gift, (C) the business purpose of the expense or other item, and (D) the business relationship to the taxpayer of persons entertained, using the facility or property, or receiving the gift.

For the reasons set out at length by the Tax Court, J & M's remaining claims—namely, that certain travel costs were incurred as necessary expenses relating to business trips, that the tolls were paid by the company as fringe benefits for its employees, and that J & M should not have been held liable for an accuracy-related penalty—are similarly without any merit.

**CONCLUSION**

We have reviewed the record and the parties' arguments on appeal. For the reasons set out above, we **AFFIRM** the August 13, 2012 decisions of the Tax Court.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court