DAVID L. WIESMORE and BONNIE S. WIESMORE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Wiesmore v. Commissioner
Docket No. 337-75.
United States Tax Court
T.C. Memo 1976-197; 1976 Tax Ct. Memo LEXIS 209; 35 T.C.M. (CCH) 856; T.C.M. (RIA) 760197; June 17, 1976, Filed *209 David L. Wiesmore, pro se. Robert B. Nadler, for the respondent. WILES
MEMORANDUM FINDINGS OF FACT AND OPINION WILES, Judge: Respondent determined a $415.88 deficiency in petitioners' 1973 income taxes. The issues are whether David L. Wiesmore (hereinafter petitioner) is entitled to (1) a casualty loss deduction, (2) a deduction for the cost of work tools, and (3) a deduction for transportation expenses to and from work. FINDINGS OF FACT Some facts were stipulated and are found accordingly. Petitioner, a carpenter, and his wife, Bonnie, lived in Clarcona, Florida, when they filed their 1973 income tax return with the Director, Internal Revenue Service Center, Chamblee, Georgia; they lived in Memphis, Tennessee, when they filed their petition in this case. Petitioner claimed a casualty loss of $245.13 for expenses allegedly incurred to repair storm damage to a trailer and screened cabana. At trial petitioner offered oral testimony, without supporting documentary evidence, to substantiate his expenses. Petitioner deducted $595.09 for work tools and equipment. Respondent allowed him $266.54 of this amount. At trial petitioner offered oral *210 testimony and a personal journal of expenditures, which indicated the type of tool or equipment purchased, date purchased, and price, to substantiate his expenses beyond the amount respondent allowed. During 1973, petitioner worked as a journeyman carpenter on the following dates: Dates
Employers
January 5 - February 2
International Builders
February 26 - August 23
McDevitt-Street
August 24 - October 3
Frank Rooney
October 5 - October 19
McDevitt-Street
October 24 - November 23
Koger Properties He traveled daily between his residence and the various job sites in his Toyota Land Cruiser, but at no time slept overnight. Petitioner carried tools in his vehicle. He claimed $1,575 for automobile expenses on his 1973 return as an employee business expense. OPINION The first issue is whether petitioner is entitled to a casualty loss deduction for expenses allegedly incurred in repairing storm damage to a trailer and screened cabana. Petitioner has the burden of proving the amount, if any, of his expenses. Welch v. Helvering,290 U.S. 111 (1933), Rule 142(a), Tax Court Rules of Practice and Procedure. At trial he presented only oral *211 testimony, no documentary evidence, to prove the amount of his expenses. We hold that he has failed to carry his burden. He is not entitled to a casualty loss deduction. The second issue is whether petitioner is entitled to a deduction for work tools and equipment. He alleges that the purchase receipts for the work tools and equipment became illegible after they got wet. Thus at trial he presented no receipts. He presented oral testimony and a personal journal which indicated the type of tool or equipment purchased, date purchased, and price. Petitioner alleges that the various journal entries were made at the time of purchase. Unfortunately for petitioner we have no way to independently verify this allegation. We hold that he has failed to carry his burden of proving the amount, if any, of expenses for work tools and equipment. The third issue is whether petitioner is entitled to a deduction for transportation expenses to and from work. The cost of commuting to work, regardless of distance traveled, is a nondeductible personal expense. William L. Heuer, Jr.,32 T.C. 947 (1959), affd. per curiam 283 F. 2d 865 (5th Cir. 1960). In the *212 case before us, however, petitioner allegedly had additional expenses because he transported his tools to work. In Fausner v. Commissioner,413 U.S. 838 (1973), the Supreme Court indicated, at 839, that an allocation between business and personal expenses may be feasible when additional expense is "incurred for transporting job-required tools and material to and from work." In addition, respondent agrees that in those cases in which taxpayer cannot meet the Fausner test, another test will apply, provided that taxpayer incurred the expenses before January 1, 1976. Rev. Rul. 75-380, 1975-2 C.B. 59. Under this second test, tool-carrying expenses are deductible if taxpayer can show that but for the necessity of carrying workrequired tools, he would not have used his automobile to travel between home and work. Since petitioner incurred his expenses in 1973, we would be applying two tests. However, we need not further examine these tests or the interaction between them since petitioner, as in the two previous issues, has failed to carry his burden of proof. He contends that he did not want to leave his tools and equipment at various job sites for fear *213 of theft, that he therefore transported them to work, and that he would have hitchhiked or motorbiked to work if he did not have to take his tools. Unfortunately petitioner's contentions are unsubstantiated by any records or evidence other than his testimony. Accordingly, we hold for respondent on this issue. Decision will be entered for the respondent.