JOSEPH J. BUNEVITH AND LUCY U. BUNEVITH, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 5465–67. Filed August 19, 1969.

Joseph J. Bunevith, pro se.
*David L. Miller*, for the respondent.

OPINION

Raum, *Judge:* We are here faced with a variation of the oft-recurring problem of deductions sought for automobile expenses which are claimed to be related to the taxpayer's trade or business. The governing statutory provisions are contained in section 162 of the 1954 Code,[3] though it is not clear whether petitioner's principal reliance

---

[3] SEC. 162. TRADE OR BUSINESS EXPENSES.

(a) IN GENERAL.—There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including—

\* \* \* \* \* \* \*

(2) traveling expenses (including amounts expended for meals and lodging other than amounts which are lavish or extravagant under the circumstances) while away from home in the pursuit of a trade or business; \* \* \*

is upon the general introductory provisions of subsection (a) or upon the specific language of paragraph (2) thereof.

At the outset we may put (a) (2) aside as inapplicable. It deals with "traveling expenses * * * while away from home," and these provisions have been held to relate only to so-called overnight trips or to travel requiring sleep or rest. *United States* v. *Correll*, 389 U.S. 299. We have found generally that overnight stays at petitioner's job assignments were "very rare," and we were unable to find on this record that *any* of the 1965 travel expenses in issue herein satisfied this "away from home" requirement. Accordingly, we must conclude that (a) (2) is of no help to petitioner in this case.

However, travel that does not qualify under (a)(2) so as to warrant a deduction for cost of meals may nevertheless be business connected so as to form the basis for a deduction of *transportation* expenses (e.g., a lawyer's 1-day round-trip airplane fare from Boston to Washington in connection with representation of a client). Cf. *United States* v. *Correll*, 389 U.S. at 303–304; *United States* v. *Tauferner*, 407 F. 2d 243, 245 (C.A. 10) ; Rev. Rul. 63–82, 1963–1 C.B. 33, 34. And in determining whether the transportation expenses are business connected, it is pertinent to inquire whether they are in the nature of commuting expenses, which are not deductible because they are regarded as personal rather than business. *Commissioner* v. *Flowers*, 326 U.S. 465, 473; *United States* v. *Tauferner*, 407 F. 2d at 246; *Steinhort* v. *Commissioner*, 335 F. 2d 496, 503 (C.A. 5) ; *Smith* v. *Warren*, 388 F. 2d 671, 672 (C.A. 9) ; *Frank H. Sullivan*, 1 B.T.A. 93, 94.

As we view the present case, the crucial question is whether the transportation expenses,[4] to the extent disallowed, were, like commuting expenses, incurred for personal reasons, or whether they were directly related to petitioner's trade or business. We hold, in the words of *Commissioner* v. *Flowers*, 326 U.S. at 473, that these "added costs" were "as unnecessary and inappropriate to" the conduct of petitioner's trade or business as "were his personal and living costs in" Worcester.

Petitioner's home was in Worcester. When he originally applied for his job, he sought assignment to the central Massachusetts territory in which he resided. But someone else already had that territory, and he was given the northeast territory. Nevertheless, he continued to reside in Worcester, incurring substantially greater transportation expenses than he would have incurred had he moved his residence to some town or city that was more centrally located in respect to his territory. That he continued to reside in Worcester was obviously for personal reasons, unrelated to the performance of his duties, and it

---

[4] No question is raised as to whether the mileage was improperly determined on the basis of city hall to city hall rather than on the basis of actual distance traveled. In some instances the actual distance may have been greater and in other instances smaller. Thus, it may fairly be assumed in any event that the formula used resulted in a reasonably accurate approximation of the actual mileage involved,

seems clear to us that the excess expenses must be regarded as having been incurred for his personal convenience. See *Carragan* v. *Commissioner*, 197 F. 2d 246, 249 (C.A. 2):

A nation of city-hoppers and suburbanites though we may be, the Supreme Court has steadfastly refused to say that traveling expenses are incurred in the pursuit of business when they stem from the petitioner's refusal to bring his home close to his job. The job, not the taxpayer's pattern of living, must require the travel. Commissioner of I.R. v. Flowers, 326 U.S. 465, * * *

See also *Barnhill* v. *Commissioner*, 148 F. 2d 913, 917 (C.A. 4):

But it is not reasonable to suppose that Congress intended to allow as a business expense those outlays which are not caused by the exigencies of the business but by the action of the taxpayer in having his home, for his own convenience, at a distance from his business. Such expenditures are not essential to the prosecution of the business and were not within the contemplation of Congress which proceeded on the assumption that a business man would live within reasonable proximity to his business. * * *

To be sure, Boston's city hall was used as a point of origin for determining the shortest distance for each trip, but there is no indication that this was less advantageous to petitioner than some other more centrally located place within his territory. Certainly, we cannot say that petitioner's decision to continue to reside in Worchester and thus use his automobile over 9,000 miles in excess of what might normally be required was motivated by anything other than personal considerations. The fact that some towns visited were closer to Worchester than to Boston is immaterial in the context of this record, which discloses that when all towns visited are taken into account petitioner is found to have traveled many thousands of excess miles. In the circumstances, expenses referable to such substantial excess mileage may not be deducted as business connected under section 162(a).[5]

*Decision will be entered for the respondent.*

[5] Since the Commissioner does not here question the deductibility of expenses to the extent of the mileage with respect to which petitioner was entitled to reimbursement under the State formula, we do not consider the more serious and difficult question whether, apart from the cost of travel between towns, the entire cost of petitioner's travel to and from the various towns visited by him might be disallowed as commuting expenses, or perhaps whether such costs might thus be disallowed at least in the case of travel to and from towns that are within the metropolitan area of the selected point of departure. Cf. *William L. Heuer, Jr.*, 32 T.C. 947, affirmed 283 F. 2d 865 (C.A. 5); *Steinhort* v. *Commissioner*, 335 F. 2d 496 (C.A. 5); *Smith* v. *Warren*, 388 F. 2d 671 (C.A. 9).