## FAUSNER *v.* COMMISSIONER OF INTERNAL REVENUE

No. 72–1396. Decided June 25, 1973

PER CURIAM.

Petitioner Donald Fausner, a commercial airlines pilot, who regularly traveled by private automobile from his home to his place of employment and back again, a round trip of approximately 84 miles, sought to deduct the entire cost of commuting under § 162 (a) of the Internal Revenue Code of 1954, on the theory that his automobile expenses were incurred to transport his flight bag and overnight bag and thus constituted ordinary and necessary business expenses. It is not disputed that petitioner would have commuted by private automobile regardless of whether he had to transport his two bags. The Tax Court disallowed the deduction *in toto*. On appeal, the Court of Appeals for the Fifth Circuit affirmed the decision of the Tax Court. 472 F. 2d 561.

This issue has been addressed by two other circuits, *Sullivan* v. *Commissioner,* 368 F. 2d 1007 (CA2 1966), and *Tyne* v. *Commissioner,* 385 F. 2d 40 (CA7 1967). Both of these circuits concluded that some allocable portion of the expenses incurred could be deducted as an ordinary and necessary business expense. The Court of Appeals for the Fifth Circuit refused to follow those cases on the

ground that there was no rational basis for any allocation between the nondeductible commuting component and the deductible business component of the total expense.

As the Court of Appeals indicated, Congress has determined that all taxpayers shall bear the expense of commuting to and from work without receiving a deduction for that expense. We cannot read § 262 of the Internal Revenue Code [1] as excluding such expense from "personal" expenses because by happenstance the taxpayer must carry incidentals of his occupation with him. Additional expenses may at times be incurred for transporting job-required tools and material to and from work.[2] Then an allocation of costs between "personal" and "business" expenses [3] may be feasible. But no such allocation can be made here.

We grant the petition for certiorari and affirm the judgment below.

MR. JUSTICE BLACKMUN would grant the petition for a writ of certiorari and set the case for oral argument.

---

[1] "Except as otherwise expressly provided in this chapter, no deduction shall be allowed for personal, living, or family expenses." 26 U. S. C. § 262.

[2] See Rev. Rul. 63–100, 1963–1 Cum. Bull. 34.

[3] Sec. 162 (a) of the Internal Revenue Code of 1954, 26 U. S. C. § 162 (a).