**Frank W. COKER and Regina Coker, Petitioners-Appellants and Cross-Appellees,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee and Cross-Appellant.**

**Nos. 634, 825, Dockets 72-2309, 73-1011.**

United States Court of Appeals, Second Circuit.

Oct. 17, 1973.

Certiorari Denied Jan. 7, 1974.

See 94 S.Ct. 868.

Scott P. Crampton, Asst. Atty. Gen., Meyer Rothwacks and David English Carmack, Attys., Tax Div., Dept. of Justice, for respondent-appellee and cross-appellant.

Thomas J. Carley, Rockville Centre, N. Y., for petitioners-appellants and cross-appellees.

Before CLARK, Associate Justice,[*] and WATERMAN and FEINBERG, Circuit Judges.

PER CURIAM:

On May 14 of this year, 480 F.2d 146, we affirmed a decision of the United States Tax Court, CCH Tax Ct. Mem. 1972-80, permitting appellant taxpayers to deduct one-third of the expense incurred by Mr. Coker in commuting by car to and from his job as a carpenter and shop steward at a construction site.[1] This deduction was held to be proper because Mr. Coker was required to carry his carpentry tools with him each day when driving between his home and the job site, and under this court's decision in Sullivan v. Commissioner, 368 F.2d 1007 (1966), a taxpayer may deduct from his commuting expenses an appropriate percentage allocable to the transportation of his tools.

On June 25, however, the Supreme Court affirmed a contrary decision of the Fifth Circuit and thereby resolved a conflict among the circuits on this issue[2] by holding that commuting expenses are not deductible merely "because by happenstance the taxpayer must carry incidentals of his occupation with him." Fausner v. Commissioner, 413 U.S. 838, 93 S.Ct. 2820, 37 L.Ed.2d 996 (1973) (per curiam). The Court did leave open the possibility that an appropriate amount may be deducted if "additional expenses" are "incurred for transporting job-required tools and material to and from work." (Footnote omitted.)

---

[*] Associate Justice of the United States Supreme Court (Retired) sitting by designation.

[1.] We also rejected the Cokers' appeals from the Tax Court, in which they contended that they should be permitted to deduct all commuting expenses, rather than just one-third. The Cokers have petitioned for rehearing of that portion of the opinion denying their claim. We adhere to our prior holding on this point.

[2.] Compare Fausner v. Commissioner, 472 F.2d 561 (5th Cir. 1973), with Sullivan v. Commissioner, 368 F.2d 1007 (2d Cir. 1966), and Tyne v. Commissioner, 385 F.2d 40 (7th Cir. 1967), after remand, 409 F.2d 485 (7th Cir.), cert denied, 396 U.S. 833, 90 S.Ct. 88, 24 L.Ed.2d 83 (1969).

**594**

In view of the intervening decision in *Fausner,* we grant the Government's petition for a rehearing and reverse the decision of the Tax Court insofar as it permits the Cokers to deduct part of Mr. Coker's commuting expenses. *Fausner* clearly overrules *Sullivan,* and holds that none of the commuting costs are deductible when, as in this case, the taxpayer would have used his automobile in any event. In addition, the Cokers presented no evidence to the Tax Court remotely suggesting that any additional expense was incurred because of the necessity of transporting Mr. Coker's tools.

The judgment is modified in accordance with this opinion.