HAROLD AND MARY OLSEN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Olsen v. Commissioner
Docket No. 3745-74.
United States Tax Court
T.C. Memo 1975-360; 1975 Tax Ct. Memo LEXIS 12; 34 T.C.M. (CCH) 1558; T.C.M. (RIA) 750360; December 22, 1975, Filed *12 Petitioner traveled from his home to his jobsite in his automobile and carried tools of his trade in the trunk of the automobile. He would have driven his automobile to work regardless of the necessity of carrying tools. Petitioner did not incur any additional expense by virtue of carrying his tools. Held, petitioner is not entitled to deduct the cost of traveling to and from his jobsite. Held,further, petitioner is not entitled to deduct miscellaneous expenses for failure to substantiate. Harold Olsen, pro se. Lowell F. Raeder, for the respondent. DRENNEN
MEMORANDUM FINDINGS OF FACT AND OPINION DRENNEN, Judge: Respondent determined a deficiency of $1,371.75 in petitioners' income tax for the taxable year 1971. The principal issue is whether certain automobile expenses incurred in 1971 by petitioner Harold Olsen in traveling between his home and place of employment are deductible under section 162(a), I.R.C. 1954, [1] by virtue of the fact petitioner transported tools necessary to the performance of his employment. We must also decide whether petitioners are entitled to certain other deductions in 1971 for travel expenses (food and lodging at a convention), charitable contributions, *13 and miscellaneous expenses in excess of the amounts allowed therefor by respondent. FINDINGS OF FACT Certain facts have been stipulated by the parties and are accordingly so found. Petitioners Harold and Mary Olsen are husband and wife who, at all times relevant to this proceeding, have resided in Pennsauken, N.J. Mary Olsen is a petitioner solely by reason of filing a joint return with Harold for 1971; therefore, the term petitioner will hereinafter refer only to Harold Olsen. [2] Petitioner is an operating engineer. He belongs to Operating Engineers Union No. 825, which union covers New Jersey and five counties in New York. Sometime in late 1968, work had commenced in Salem, N.J., on the construction of a nuclear power generation plant. As of *14 the date of trial, that construction was still going on. During the last week of 1970, petitioner commenced employment as a crane operator at the construction site in Salem, N.J., which position petitioner had obtained through the union hiring hall. In 1971, there were approximately 200 operating engineers working at the Salem construction site, about 20 of whom were crane operators. During 1971, petitioner drove his own automobile to and from Salem, N.J., each day that he worked there. The one-way distance from petitioner's residence in Pennsauken to Salem is approximately 62 miles. Petitioner would normally be able to drive this distance in approximately 1 hour and 5 minutes. Each day petitioner carried, in the trunk of his car, a tool box to and from Salem, N.J. The tool box weighed 80 to 100 pounds and contained, among other tools, open-end wrenches, socket wrenches, cable cutters, and an assortment of screwdrivers. It is standard practice for operating engineers to carry tools with them as these tools are needed for repair and maintenance of the heavy equipment and machinery that the engineer operates. Members of most of the other construction crafts at the Salem site also carried *15 tools and, like petitioner, brought their tools to and from Salem each day. As a general rule, such tools were not left at the construction site because of prior instances of theft. Petitioner's starting time each day depended on the amount of work to be accomplished that day. His normal work hours were from 8:00 a.m. to 4:30 p.m. Occasionally, petitioner would begin work between 6:00 and 8:00 a.m. At times, petitioner would work until 7:00 or 8:00 p.m. [3] Not only did petitioner's hours vary but so did those of his co-workers. Between the irregular hours and the tools to be transported, petitioner believed a carpool arrangement was impractical. [4] Public transportation did not offer petitioner a practical way of getting to and from Salem, N.J. Moreover, the construction site itself was located on an artificial island several miles from Salem and which was not served by public transportation. *16 Petitioner's employment at the Salem, N.J., construction site terminated on August 1, 1974. While employed there, petitioner was the shop steward for his local union. Although at the time he received the Salem assignment petitioner could not anticipate how long his employment would last, petitioner was continuously employed at the construction site throughout 1971; no strikes occurred to interrupt his work, nor was petitioner laid off. In 1971 petitioner's regular wage was approximately $9.78 per hour. On his joint income tax return for 1971, petitioner reported total wages of $45,087.14. On line 43 thereof, labeled "Employee business expense," petitioner claimed a deduction in the amount of $2,397.71. As indicated on an attached statement captioned "Traveling Expenses," $2,069.37 of this deduction represents automobile expenses for "miles traveled in South Jersey area" in the amount of 17,993 miles. The balance, $328.34, is listed as "Other Traveling Expenses" for "Hotel and Rooms." [5] Respondent disallowed this claimed deduction in its entirety. On the 1971 income tax *17 return, petitioner also claimed various deductions which have been allowed by respondent as follows: Claimed
Amount Deduction
Claimed
Allowed
Contributions
$1,115.00
$231.00
Preparation of Return [6]
65.00
65.00
Union Dues
357.00
192.00
Safety Shoes and Tools
167.50
242.85
Protective Gear
103.75
159.00
Gloves
96.00
ULTIMATE FINDINGS Petitioner would have driven his automobile to and from Salem even if he did not have to carry his tools. Petitioner did not incur any appreciable additional expense by virtue of transporting his tools to and from work. OPINION The primary issue raised herein is whether the expenses incurred by petitioner Harold Olsen in traveling by personal automobile between his residence in Pennsauken, N.J. and Salem, N.J., his employment site, are deductible under section 162(a)[7] by reason of the fact that he transported tools necessary to the performance of his job. Additionally, we must determine whether petitioners are entitled to certain other deductions for travel expenses, charitable contributions, and miscellaneous expenses in excess of the amounts allowed therefor by *18 respondent. In support of the claimed deduction for expenses of traveling between Pennsauken and Salem, petitioner contends that the necessity of carrying the tools of his trade renders such expenses deductible. Respondent, however, characterizes the expenses as commuting expenses, personal in nature and, as such, nondeductible pursuant to both section 262 and the regulations thereunder [8] *19 and the explicit language of section 1.162-2(e), Income Tax Regs.[9]
We agree with respondent's conclusion. *20 It is well settled that, as a general matter, the expenses of traveling between one's home and one's place of employment (commuting expenses) constitute nondeductible personal expenses. Sec. 262; Fausner v. Commissioner,413 U.S. 838 (1973), rehearing denied 414 U.S. 882 (1973); Commissioner v. Flowers,326 U.S. 465 (1946); Eugene G. Feistman,63 T.C. 129 (1974); William L. Heuer, Jr.,32 T.C. 947 (1959), affd. per curiam 283 F. 2d 865 (5th Cir. 1961); Frank H. Sullivan,1 B.T.A. 93 (1924). Petitioner claims, however, that the "commuter rule" of the above cases is not applicable because he was required to carry his tools to and from work with him and this was a business expense, deductible under section 162. See fn. 7. The dispute over this issue in the Court of Appeals [10] was settled by the Supreme Court decision in Fausner v. Commissioner,supra.See Coker v. Commissioner487 F. 2d 593 (2nd Cir. 1973). In Fausner v. Commissioner,supra, the Supreme Court said at p.839: Congress has determined that all taxpayers shall bear the expense of commuting to and from work without receiving a deduction for that expense. We cannot read § 262 of the Internal Revenue Code as excluding such expense *21 from "personal" expenses because by happenstance the taxpayer must carry incidentals of his occupation with him. Additional expenses may at times be incurred for transporting job-required tools and material to and from work. Then an allocation of costs between "personal" and "business" expenses may be feasible. [Footnotes omitted.] Subsequently, in Eugene G. Feistman,supra, this Court analyzed the evidentiary requisites of the Fausner standard as follows: It is not enough, however, that the taxpayer demonstrate that he carried tools to work. He must also prove that the same commuting expenses would not have been incurred had he not been required to carry the tools. Thus, if he would have driven to work in any event, the fact that he carries "tools" with him is not an additional expense, and no part of the commuting cost is deductible. * * * [63 T.C. at p. 135.] *22 In the above context our ultimate findings preclude the allowance of the deduction to petitioner. We have found that petitioner would have driven his automobile to Salem even if he did not have to carry his tools. This finding is amply supported by the record. Petitioner testified that the only practical way to get to the jobsite in Salem was by private automobile. While public transportation was available from Camden, N.J., to Salem, it would have been necessary for petitioner to get from home to Camden and then to take a taxi 7 miles from the bus terminal in Salem to the jobsite. Petitioner not only had a work schedule subject to variation but also worked substantial overtime hours, both of which factors, coupled with the fluctuating working hours of his fellow workers, rendered a carpool impractical. As can be seen from petitioner's pay scale and the total earnings he reported on his 1971 tax return, time was of the essence to petitioner, and it would have taken him much longer to get to and from work had he not driven his own car. We believe all of these factors justify our conclusion that petitioner would have driven his automobile to and from Salem even if he did not have to *23 carry tools. There is no evidence that petitioner incurred any additional expense getting to and from work because of carrying his tools. The tools were carried in a toolbox about 2 feet long and weighed possibly 100 pounds. The toolbox was carried in the trunk of his car. Nor do we find any other reason that petitioner's traveling expenses from his home to the jobsite in Salem would be deductible under section 162. While petitioner may not have known when he took the job how long it would last, it was apparent that, absent strikes, breakdowns, or termination of the project, the job should last for an indeterminate time and was not temporary. Thus, Salem became petitioner's business home. Edward F. Blatnick,56 T.C. 1344 (1971). He chose to live in Pennsauken for his own personal reasons. Consequently, the traveling expense was not necessitated by business reasons but by personal preference and was a personal living expense. Eugene G. Feistman,supra;Sanders v. Commissioner,439 F. 2d 296 (9th Cir. 1971), affirming 52 T.C. 964 (1969); Steinhort v. Commissioner,335 F. 2d 496 (5th Cir. 1964). In addition, petitioner's travel did not require him to stop for sleep or rest as required *24 to constitute "traveling expenses * * * while away from home in the pursuit of a trade or business" under section 162. See United States v. Correll,389 U.S. 299 (1967). Petitioner offered no evidence that any part of the travel expenses identified by respondent in the notice of deficiency as "food and lodging expense incurred at a convention" were in any way business related. We sustain respondent's disallowance of the deduction for travel expenses. With respect to the other deductions claimed on petitioners' tax return for charitable contributions and miscellaneous expenses, a part of which respondent disallowed for lack of substantiation, petitioners have herein similarly presented no evidence in support of the amounts claimed. We, therefore, must conclude that petitioners, having failed to satisfy their burden of proof, are not entitled to the specified deductions in excess of the respective amounts allowed therefor by respondent. Welch v. Helvering,290 U.S. 111 (1933). See also, e.g., Kenneth Lingenfelder,38 T.C. 44 (1962). Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect in the year in issue, unless otherwise specified.↩
2. In their petition, petitioners alleged that their return for 1971 was filed with the "Director for the District of Philadelphia, Pennsylvania." In his answer, respondent denied that the return "was filed with the Director for the District of Philadelphia, Pennsylvania." We have no evidence on the subject.↩
3. As may be inferred from our findings, infra,↩ as to petitioner's hourly wage and his total compensation, petitioner worked substantial overtime hours in 1971. 4. Although he did not do so in 1971, petitioner occasionally rode in a carpool with fellow workers, which arrangement apparently proved unsatisfactory.↩
5. Respondent, in his statutory notice, characterizes the $328 as "food and lodging expense incurred at a convention."↩
6. This and the following four items were claimed by petitioner on schedules A and B as "Miscellaneous deductions."↩
7. In pertinent part, section 162(a) provides as follows: (a) In General.--There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including-- * * *
(2) traveling expenses (including amounts expended for meals and lodging other than amounts which are lavish or extravagant under the circumstances) while away from home in the pursuit of a trade or business; * * *.↩
8. Sec. 262. Except as otherwise expressly provided in this chapter, no deduction shall be allowed for personal, living, or family expenses. § 1.262-1. Personal, living, and family expenses. (a) In general. In computing taxable income, no deduction shall be allowed, except as otherwise expressly provided in chapter 1 of the Code, for personal, living, and family expenses. (b) Examples of personal, living, and family expenses. Personal, living, and family expenses are illustrated in the following examples: * * *
(5) Expenses incurred in traveling away from home (which include transportation expenses, meals, and lodging) and any other transportation expenses are not deductible unless they qualify as expenses deductible under section 162, § 1.162-2↩, and paragraph (d) of § 1.162-5 (relating to trade or business expenses), section 170 and paragraph (a)(2) of § 1.170-2 or paragraph (g) of § 1.170A-1 (relating to charitable contributions), section 212 and § 1.212-1 (relating to expenses for production of income), section 213(e) and paragraph (e) of § 1.213-1 (relating to medical expenses) or section 217(a) and paragraph (a) of § 1.217-1 (relating to moving expenses). The taxpayer's costs of commuting to his place of business or employment are personal expenses and do not qualify as deductible expenses. * * * 9. § 1.162-2. Traveling Expenses. * * *
(e) Commuters' fares are not considered as business expenses and are not deductible. * * *↩
10. Compare Sullivan v. Commissioner,368 F. 2d 1007 (2nd Cir. 1966) and Tyne v. Commissioner,385 F. 2d 40 (7th Cir. 1967) with Fausner v. Commissioner,472 F. 2d 561 (5th Cir. 1973). See also the opinions of this Court in Harold Gilberg,55 T.C. 611 (1971); Donald W. Fausner,55 T.C. 620 (1971); and Robert A. Hitt,55 T.C. 628↩ (1971).