DENNIS MCCABE, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 1536–78.     Filed June 3, 1981.

*Paul S. Brenner*, for the petitioner.
*Robert J. Alter*, for the respondent.

OPINION

RAUM, *Judge*: The Commissioner determined a $908 deficiency in petitioner's 1976 income tax. The only remaining issue is whether petitioner is entitled to deduct some portion of his automobile expenses in transporting himself and his service revolver to and from his place of employment as a police officer. The case was submitted on the basis of a stipulation of facts.

During 1976, and at the time he filed his petition herein, petitioner resided in Suffern, N.Y. Suffern is a relatively remote suburb west of the Hudson River and is immediately adjacent to the State of New Jersey. In 1976, he was employed as a New York City police officer assigned exclusively to the 28th Precinct at 2271 Eighth Avenue, New York, N.Y. Petitioner's tour of duty during 1976 consisted of working 243 weekdays from 8 a.m. until 4 p.m. only.

The regulations of the New York City Police Department require police officers to be armed at all times when in the city of New York, unless otherwise directed. However, New Jersey, through which petitioner would travel if he commuted to work by driving over the most direct route or taking a bus, permits officers employed by governmental agencies outside the State of New Jersey to carry weapons in New Jersey only while engaged in official duties and upon prior notification to local police authorities. See N.J. Stat. Ann. sec. 2A:151–43s (West 1969) (repealed 1979) (current version at N.J. Stat. Ann. sec. 2C:39–6(b)(1) (West 1980)). New York City police officers carrying a service revolver through New Jersey by either public or private conveyance would be in violation of the New Jersey law if they did not have a New Jersey gun permit. Generally, New Jersey authorities issue gun permits only to those persons with job requirements necessitating that they be armed in that State or to persons who can establish other urgent need. Applications for gun permits are evaluated on their own merits.

During 1976, petitioner used his personal automobile as his exclusive means of commuting to and from his post of duty at the 28th Precinct. Petitioner did not use his own automobile

during his work day. When petitioner commuted to his job by automobile, he carried his service revolver on his person and did not modify his automobile in any way in order to carry the revolver. Petitioner incurred no added expense in the cost of operating his vehicle by carrying his revolver above that which he would have incurred if he had commuted to his job by automobile without the revolver. In traveling by automobile to and from the 28th Precinct from his home, petitioner traveled approximately 40 miles each way via New York highways. His route generally took 75 minutes to drive; toll costs were $2 per day. If petitioner had driven through New Jersey in commuting to work, his toll costs would have been $1.50 per day, the distance would have been approximately 25 miles one way, and travel time would have been approximately 45 minutes.

During 1976, a bus service provided by the Shortline bus company traveled from Suffern, N.Y., to the Port Authority Bus Depot in New York City. However, this bus traveled through New Jersey. If petitioner had taken the bus to New York City, he would have boarded the bus at a stop located 2 blocks from his home in Suffern. Between 6 a.m. and 8 a.m., weekday departures from Suffern for New York City occurred at least as frequently as every 15 minutes; in the evening, between 4 and 6:10 p.m., weekday departures from New York City for Suffern occurred at least as frequently as every 20 minutes. Travel time by bus from petitioner's home to the Port Authority Bus Terminal was approximately 1 hour. The one-way fare between Suffern and the bus terminal in Manhattan was $2.70; however, a 50-trip bus ticket cost $76.60 from January 1 through October 27, 1976, and $82.75 for the remainder of 1976. From the Port Authority Bus Depot, petitioner would have to have taken an approximately 15-minute subway ride to the 28th Precinct. During 1976, petitioner could have ridden the subway without charge due to his police officer status.

Petitioner could also have used public transportation that did not pass through New Jersey. Petitioner could have driven 16 miles to Tarrytown, N.Y., on the east side of the Hudson River, and taken the Hudson line of Conrail to Grand Central Station in New York City. The drive to Tarrytown would have required approximately 30 minutes; round trip tolls between Suffern and Tarrytown would have been $1.50 per day, and parking at the Tarrytown train station would have cost $90 per year. The time

from Tarrytown to Grand Central Station ranged from 38 to 54 minutes, depending upon which train was utilized. A monthly commuting ticket cost $58.75. The route that petitioner actually took in driving his automobile from Suffern to his post of duty in New York City passed through Tarrytown.

On his 1976 income tax return, petitioner claimed $2,950 in automobile expenses as a deduction on Form 2106, Employee Business Expenses. This deduction represented the commuting costs for 17,600[1] miles, plus bridge and thruway tolls, by virtue of petitioner's use of an automobile rather than a bus or train to travel between his home in Suffern, N.Y., and his job in New York City. The Commissioner disallowed the entire deduction.

It is well settled that a taxpayer's cost of commuting between his residence and his place of employment is a nondeductible personal expense. Secs. 1.162–2(e), 1.262–1(b)(5), Income Tax Regs.; see, e.g., *Fausner v. Commissioner*, 413 U.S. 838, 839 (1973); *Commissioner v. Flowers*, 326 U.S. 465, 473 (1946); *Donnelly v. Commissioner*, 262 F.2d 411, 412 (2d Cir. 1959); *Feistman v. Commissioner*, 63 T.C. 129, 134 (1974), appeal dismissed 587 F.2d 941 (9th Cir. 1978); *Anderson v. Commissioner*, 60 T.C. 834, 835 (1973). However, an exception to this rule has been recognized with respect to employees who are required by their employer to transport job related tools to and from work and thereby incur expenses in addition to the ordinary commuting costs they otherwise would incur. See *Fausner v. Commissioner*, 413 U.S. at 839; *Kallander v. United States*, 208 Ct. Cl. 557, 570, 526 F.2d 1131, 1136 (1975); *Coker v. Commissioner*, 487 F.2d 593, 594 (2d Cir. 1973), cert. denied 414 U.S. 1130 (1974); *Feistman v. Commissioner*, 63 T.C. at 135; *Gilberg v. Commissioner*, 55 T.C. 611, 618–619 (1971); *Hitt v. Commissioner*, 55 T.C. 628, 632–633 (1971). If such additional expenses are incurred, they are deductible as "ordinary and necessary" business expenses pursuant to section 162(a), I.R.C. 1954.

Petitioner claims that, but for the necessity of carrying his gun, he would have taken the bus and subway to work, and thereby avoided the greater expense incurred in driving to work.

---

[1] In computing the deduction for automobile expenses, petitioner determined the annual mileage driven by multiplying the 80-mile daily round trip distance by 220 days. According to the stipulation, petitioner, in fact, worked 243 days in 1976, but he has presented no claim for an increased deduction.

Although petitioner's return claimed a deduction for his entire expenses[2] incurred in driving to work, he now claims, in his petition and on brief, a deduction for only the excess of his automobile expenses over the costs that he would have incurred in commuting by bus and subway.

The Government contends first that any additional commuting expenses petitioner incurred in avoiding traveling through New Jersey are not deductible because they were incurred as a result of petitioner's personal choice of the location of his residence, and did not arise out of his employer's requirement that he carry his gun while within New York City. The Government further disputes petitioner's assertion that he would have taken public transportation to work but for the necessity of carrying his gun; it argues that if petitioner desired to take public transportation to work, he would have driven to Tarrytown (which was on his actual route to New York City) and taken Conrail to Grand Central Station. Finally, relying on Rev. Rul. 75–380, 1975–2 C.B. 59, 60, the Government contends that the basic cost of commuting, whether by automobile or public transportation, is a nondeductible personal expense, and that petitioner is therefore entitled to no deduction because he incurred no tool-carrying expenses beyond the basic cost of commuting to work.

It is stipulated that if petitioner had been called to testify in this case, he would have stated that he would have taken the bus and subway to work were it not for his having to commute carrying his service revolver. Because this case was submitted under Rule 122, Tax Court Rules of Practice and Procedure, we had no opportunity to observe petitioner's credibility as a witness. Petitioner's assertion that he would have preferred to commute by bus and subway is supported by the facts that the bus stopped only 2 blocks from his residence and that the commuting time by bus and subway was not substantially greater than the commuting time driving over New York highways. We accordingly find as a fact that petitioner would have commuted to work by using the bus and subway but for the necessity of carrying his service revolver. To be sure, the Government disputes petitioner's commitment to public trans-

---

[2]But see note 1 *supra*.

portation by noting that petitioner could have taken public transportation by driving to Tarrytown and boarding a Conrail train. However, this method of commuting would have required the use of petitioner's automobile and would have taken more time than driving wholly through New York State or commuting by bus and subway. In the circumstances, we find credible petitioner's assertion that he would have taken the bus and subway to work if he had not been required to carry his service revolver.

Despite our conclusion that petitioner would have utilized public transportation to commute to work but for the necessity of carrying his service revolver, we find that petitioner's additional commuting expenses were not directly connected with the pursuit of his employer's business, but were principally the result of his decision to reside in a comparatively remote suburb adjacent to New Jersey. Accordingly, petitioner is entitled to no deduction for his commuting expenses under section 162(a), I.R.C. 1954, since such expenses were not necessary for the conduct of his employer's business.

In order to qualify for a deduction of transportation expenses under the general provisions of section 162(a), petitioner must demonstrate that such expenses were directly connected with the pursuit of his employer's business and were not commuting expenses incurred solely for personal reasons. See *Commissioner v. Flowers*, 326 U.S. at 470, 472–474; *Gilberg v. Commissioner*, 55 T.C. at 614; *Bunevith v. Commissioner*, 52 T.C. 837, 841 (1969), affd. in an unreported memorandum and order (1st Cir. 1970, 25 AFTR 2d 70–935, 70–1 USTC par. 9414). Cf. *Carragan v. Commissioner*, 197 F.2d 246, 249 (2d Cir. 1952). Petitioner has not met this burden. It is true that petitioner would have incurred no additional expenses but for his employer's requirement that he carry his service revolver while within the city of New York. However, this requirement presented difficulties for petitioner only because he had chosen to live near New Jersey so that the most direct routes to his place of employment, either by automobile or public transportation, required travel through that State. The New York City Police Department required only that petitioner be armed *when inside the city*. The petitioner's added costs in meeting this requirement were due to his choice of a personal residence in Suffern and New Jersey law which prevented him from carrying his revolver through that State.

These added costs were wholly unnecessary and inappropriate for the conduct of the New York Police Department's law enforcement duties within the city of New York. Accordingly, petitioner's added expenses in avoiding travel through New Jersey, as well as his basic commuting costs, are personal in nature, and no deduction for such expenses can be allowed. Sec. 262, I.R.C. 1954.

We have reached our decision in this case solely on the basis of the Government's argument that petitioner's commuting expenses were wholly personal in nature. We accordingly express no opinion as to whether an employee's additional commuting costs for utilizing a more expensive mode of transportation than he would otherwise have used in order to carry job-required tools may be considered deductible in appropriate circumstances. See generally Rev. Rul. 75–380, *supra*, 1975–2 C.B. at 60.

We emphasize that we do not pass upon the applicability of the concept suggested in *Fausner v. Commissioner*, 413 U.S. at 838—i.e., that an allocation of costs might be appropriate where additional expenses are incurred for transporting job-required tools and material to and from work. That concept is inapplicable here because petitioner has failed to satisfy the threshold condition that any deductible expenses must be incurred in pursuit of business and not as the result of personal requirements. This threshold condition was plainly indicated in *Commissioner v. Flowers*, 326 U.S. at 473:

> The added costs in issue, moreover, were as unnecessary and inappropriate to the development of the railroad's business as were his personal and living costs in Jackson. They were incurred solely as the result of the taxpayer's desire to maintain a home in Jackson while working in Mobile * * *. It simply asked him to be at his principal post in Mobile as business demanded * * *

Similarly here, the city of New York did not require petitioner to travel from Suffern to his post of duty. It did require him to be at his post of duty and to have his service revolver with him at all times in New York. It did not require him to carry that revolver through New Jersey. It was petitioner's personal choice to reside in a place where the most convenient route to his post of duty was through New Jersey. This case is quite unlike those cases where a taxpayer is required to incur additional expenses for transporting job-related tools to work *regardless of where he lives*. The possible allowance of deduction of the extra cost of

such transportation is not a matter that is in issue or decided herein.

Due to the Government's concession of another issue,

*Decision will be entered under Rule 155.*

Reviewed by the Court.

SCOTT, *J.*, concurring: I agree with the majority that petitioner is not entitled to any deduction for travel between his home and place of employment since it was for personal reasons that he chose his place of residence. However, I do not agree with any implication that might be present in the majority opinion that under certain circumstances petitioner would be entitled to a deduction because of the requirement that he have his service revolver with him at all times when he was in New York City.

Accepting the fact as found by the majority that because of New Jersey law petitioner could not carry his pistol through that State,[1] I do not consider that this case falls within the "tool"

---

[1]Although I am willing to accept the conclusion of the trial judge even in a fully stipulated case such as this, I have great difficulty in understanding why petitioner was prohibited by New Jersey law from carrying a revolver through New Jersey. The parties stipulated that "New Jersey permits officers employed by governmental agencies outside the State of New Jersey to carry weapons in New Jersey only while engaged in official duties and upon prior notification to local police authorities" and "generally, New Jersey authorities issue gun permits only to those individuals with job requirements necessitating that they be armed in that state or to individuals who can establish other urgent need. Applications for gun permits are evaluated on their own merits." This stipulation is obviously the stipulation of a legal conclusion. The parties did not stipulate whether, in fact, petitioner had applied for a permit and whether the State authorities had denied the application.

Sec. 2A:151–43 of the New Jersey Statutes Annotated as applicable to the year here involved contains numerous exceptions to the prohibition against the possession and carrying of a pistol without a permit. The section of this statute to which the parties obviously had reference in their stipulation is subsection(s) which provides:

"Law enforcement officers employed by governmental agencies outside of the State of New Jersey who are engaged in their official duties provided that they have first notified the chief law enforcement officer of the municipality or the county prosecutor of the county in which they are engaged or the superintendent."

However, subsec. (d) of this same statute provides an exception to the prohibition against carrying weapons without a permit as follows:

"The regularly employed members, including detectives, of the police department of any county or municipality or of any State, interstate, municipal or county park police force or of any county boulevard police force at all times, while within the State of New Jersey * * * "

I would conclude from this statute, and have found nothing in the New Jersey law to

reference made in *Fausner v. Commissioner*, 413 U.S. 838 (1973). The *Fausner* case (p. 839) states, insofar as here pertinent, as follows:

> As the Court of Appeals indicated, Congress has determined that all taxpayers shall bear the expense of commuting to and from work without receiving a deduction for that expense. We cannot read sec. 262 of the Internal Revenue Code as excluding such expense from "personal" expenses because by happenstance the taxpayer must carry incidentals of his occupation with him. Additional expenses may at times be incurred for transporting job-required tools and material to and from work. Then an allocation of costs between "personal" and "business" expenses may be feasible. But no such allocation can be made here. [Fn. ref. omitted.]

In my view, the reference to "additional expenses" being incurred for transporting "job-required tools and material" in the *Fausner* case was to the cost of transporting the tools where an additional cost such as excess baggage or trailer rental was incurred. It does not relate to requiring a determination of the mode of transportation a taxpayer contends he may have used but rather to the mode of transportation that he actually did use.

FAY, *J.*, dissenting: I respectfully dissent from the majority's conclusion that petitioner's expenses were "wholly personal." I agree with Judge Sterrett that contained within petitioner's expenses of traveling to and from work is a portion in excess of what petitioner would have otherwise necessarily incurred in commuting, and that excess is directly related to a requirement imposed by petitioner's employer.[1] See *Fausner v. Commissioner*, 413 U.S. 838, 839 (1973).

The majority opinion expressly declines to "pass upon the applicability of the concept suggested in *Fausner*." Majority, *supra* at 882. In my view, the *Fausner* question should have been addressed fully, and, furthermore, should have been resolved in petitioner's favor.[2] We have never, before today, ended our inquiry in this type of case with the conclusion that a taxpayer

---

persuade me to the contrary, that without any necessity of obtaining a permit from New Jersey, a regularly employed police officer of New York City, such as petitioner, would be exempt from the prohibition against carrying a pistol within the State of New Jersey.

[1] I base my dissent upon the facts as found by the majority including their finding that petitioner could not have obtained a permit to carry a gun through New Jersey.

[2] In fact, the parties briefed this case almost exclusively on the *Fausner* issue.

chooses his place of abode and therefore cannot deduct employer requirement-based excess travel costs. See, for example, the analysis in *Hitt v. Commissioner*, 55 T.C. 628 (1971), and in *Gilberg v. Commissioner*, 55 T.C. 611 (1971).

It is obvious to me that petitioner incurred excess travel costs and that the excess was caused by his employer's requirement. True, the amount of that excess will be a function of petitioner's choice of residence, but that is always the case when such excess travel costs present themselves. For example, if a construction worker living 30 miles from his jobsite were required to tow a trailer of tools, would not his excess cost be less if he moved 20 miles closer to his jobsite, or completely eliminated if he moved into a house adjacent to the jobsite? The majority opinion, *supra* at 882, seeks to distinguish the long line of "tool" cases as applying only to "additional expenses for transporting job-related tools to work *regardless of where [the taxpayer] lives.*" However, as my example above illustrates, the "additional expense" could be eliminated or greatly reduced in almost every "tool" case. Thus, I remain unpersuaded that this case is different.[3] Petitioner's "additional expenses," those over and above his reasonable commuting expenses, were caused by his employer's requirement that petitioner have his gun with him when he entered New York City.[4] Where he lived does not alter

---

[3] I am also unconvinced by Judge Scott's concurrence. In this case, it is not the mode of travel but rather the route of travel which is mandated by the employer's requirement. If a true excess cost exists, it is irrelevant whether that excess exists due to mandated routes of travel or mandated means of travel. However, I do not necessarily agree with Judge Sterrett that we look to the taxpayer's "preferred means of transportation" in order to calculate any excess.

[4] In my view, petitioner's excess travel costs were caused by his employer's requirement even though the New Jersey law also affected petitioner's route of travel. If it were not for the employer's requirement, the New Jersey law on carrying guns would be irrelevant to petitioner.

Consider the case of a construction worker who must travel one of two equal-distance roads to his jobsite. He chooses road 1 because using road 2 would necessitate paying a $1-a-day toll charge. Suppose my worker's employer imposes a requirement requiring that worker to carry his tools to and from work, which, in turn, necessitates that worker's towing a trailer to and from work. Pursuant to that requirement and State law prohibiting trailers on road 1, petitioner must travel road 2 and incur the $1-a-day toll charge. Would not that $1 be deductible? I conclude that it would. When a combination of an employer requirement and an outside force causes an employee to incur expenses greater than his ordinary, reasonable commuting expenses, the excess should be deductible by the employee if the outside force's applicability to the employee is caused by the employer's requirement.

In fact, in almost every tool case it will be a combination of factors which lead to the employee's incurring additional expenses. For example, if an employer requires a worker to have tools at the jobsite but the employer provides no tool storage place, it is both the

that requirement; it merely affects the amount of the excess which could range from zero. See *Coker v. Commissioner*, 487 F.2d 593 (2d Cir. 1973), cert. denied 414 U.S. 1130 (1974), on up.

I express no opinion as to the amount of petitioner's deductible traveling expenses. Although I would certainly reach that issue were I writing for the majority, I see no reason to enter into a laborious analysis of calculating the excess amount at this time. It is clear from the record that no matter what bases of comparison are used, such as driving through New York versus driving through New Jersey or using public transportation through New York versus driving through New Jersey, petitioner did incur additional costs.[5] Accordingly, I would hold that petitioner is entitled to some part of his claimed travel-expense deduction.

STERRETT, *J.*, dissenting: I respectfully dissent from the ultimate conclusion reached by the majority.

In so doing, I proceed from the same basic premise as did the majority: namely, "a taxpayer's cost of commuting between his residence and his place of employment is a nondeductible personal expense." While the Supreme Court, in *Fausner v. Commissioner*, 413 U.S. 838, 839 (1973), emphasized that hornbook rule of tax law, it added the following postscript:

Additional expenses may at times be incurred for transporting job-required tools and material to and from work. Then an allocation of costs between "personal" and "business" expenses may be feasible. But no such allocation can be made here.

The facts in the instant case are a perfect illustration of when such an allocation can, and should, be made.

The circumstances are ideal because a revolver is to a policeman what a hammer is to a carpenter. A carpenter is required by his employer to bring his toolbox to work at his own

employer's requirement and the worker's desire to have his tools left unexposed to weather and thieves that make the worker transport his tools to and from the jobsite.

[5] However, I note that respondent, on brief, argued that if we held petitioner incurred deductible travel expenses, the deductible amount should be limited to the difference in cost between taking public transportation through New Jersey and taking public transportation, as much as possible, through New York. See also Rev. Rul. 75–380, 1975–2 C.B. 60.

expense. A policeman is required by the New York City Police Department to have his revolver on his person at all times while in the city. In each case, the requirement is imposed by the employer as a condition of employment. There is no personal element to the requirement; it is purely job-related.

Once the business necessity of an employee's taking something with him to work is established, then any "additional expenses" (over his preferred means of transportation) incurred solely by reason of that necessity should, under the Supreme Court's holding in *Fausner*, be deductible.

It is, of course, the taxpayer's burden to show the increment in the cost of commuting to work attributable to the job-related requirement. The precise nature of the added expenditure is of no moment as long as the expenditure can be characterized as "ordinary and necessary." Thus, it matters not whether the incremental cost is attributable to buying a trailer for the car to carry the tools or is attributable to taking a different route to work because of circumstances beyond the taxpayer's control. Here, the taxpayer was prevented from taking the most direct and least expensive means of commuting to work by reason of New Jersey law.[1] I can envision a similar circumstance where a truck, carrying inflammable material, is limited by State law to the use of certain specific roads, thereby incurring additional expense. I would hold, therefore, that the petitioner incurred additional expense in getting to work due to a condition of his employment rather than his choice of where to live.

No doubt the question of determining the exact amount of the incremental job-related cost could be troublesome in many cases. See *Coker v. Commissioner*, 487 F.2d 593 (2d Cir. 1973). Here, that presents no problem since the majority has found as a fact "that petitioner would have commuted to work by using the bus and subway but for the necessity of carrying his service revolver." It appears that, in this case, the cost of using the bus and subway to and from work would have approximated $3.20 per day. I would allow petitioner to deduct any expense in excess of that amount incurred in commuting to work. Sec. 162, I.R.C. 1954.

WILES and WILBUR, *JJ.*, agree with this dissenting opinion.

---

[1] We assume that the taxpayer could not get a permit to carry his revolver while in New Jersey.