ALONZO E. McLAUGHLIN, JR., AND LUCILLE C. McLAUGHLIN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
McLaughlin v. Commissioner
Docket No. 21695-80.
United States Tax Court
T.C. Memo 1982-636; 1982 Tax Ct. Memo LEXIS 109; 45 T.C.M. (CCH) 5; T.C.M. (RIA) 82636; November 2, 1982. John G. Ward, Jr., and Dennis J. McLaughlin, for the petitioners. Rona Klein, for the respondent. GOFFE
MEMORANDUM FINDINGS OF FACT AND OPINION GOFRE, Judge: The Commissioner determined a deficiency in petitioners' Federal income tax for the taxable years 1977 and 1978 in the amounts of $1,199 and $1,201, respectively. The sole question before this Court is whether petitioner is entitled to a deduction in each taxable year for transportation expenses under section 162(a), [1] as ordinary and necessary business expenses or whether these are nondeductible *110 personal expenses under section 262. FINDINGS OF FACT Some of the facts of this case have been stipulated. The stipulation of facts and attached exhibits are incorporated herein by this reference. Petitioners, husband and wife, resided in Brentwood, New York, when the petition in this case was filed. They filed joint Federal income tax returns for the taxable years 1977 and 1978. Lucille C. McLaughlin is a party herein solely by reason of filing joint Federal income tax returns with petitioner. All references to petitioner in the singular will refer to Alonzo E. McLaughlin, Jr. Petitioner began working for IBM in 1955. He was still employed by IBM during the taxable years in question. He has worked out of a midtown Manhattan branch office since 1955. Until August 1, 1969, petitioner was a customer engineer maintaining and repairing computers for several regular customers at specific locations. From approximately 1955 to 1960, petitioner worked the day shift, roughly 9:00 a.m. to 5:00 p.m., and left the tools and manuals necessary for each account in a storage place with each regular *111 customer. Petitioner commuted to work via the Long Island Railroad during this five-year period. In 1961 petitioner began working on the second shift, approximately 4:45 p.m. until 12:45 a.m., and at that time began using his own car to travel first to the Manhattan branch office and then from customer to customer. At this time petitioner had regular accounts and stored his tools with each customer. Petitioner became a field engineering specialist for IBM in 1969. In this capacity he was on call for any of the many customers in his territory, which consisted of the entire crosstown region of Manhattan from 14th Street to 40th Street. Because petitioner never knew where he might be needed (he no longer had regular accounts), or which tools and manuals would be necessary for a particular job, he began carrying all of his tools, manuals and test equipment in his car each working day. This consisted of two large attache cases containing manuals, test equipment, and his tool bag, weighing a total of 75 pounds. At the end of a workday, petitioner would leave for home from wherever he was--at the branch office or with a customer. Petitioner carried his equipment with him to avoid *112 traveling back and forth between the branch office and the accounts. This enabled him to service accounts at a faster rate. IBM encouraged petitioner to use his car to cut down the amount of time spent traveling between accounts; IBM reimbursed petitioner for mileage, parking, phone calls, and any expenses related to business within New York City and paid him a fixed monthly allowance to cover insurance, maintenance, depreciation, and repairs on his car. Petitioner would have driven his car to work even if he did not carry his tools between his home and his customers' locations. Petitioner traveled the following job-related mileage for 1977 and 1978: 1977
1978
Mileage within
New York City
977
749   Mileage from home
to branch office
& return
18,159
13,783
TOTAL
19,136
[2] 14,534 [sic]
Petitioners deducted the following amounts for 1977 [3] and 1978 [4] on their Federal income tax returns: *113 1977
$3,119.60
total expenses for job-related use of car
- 840.00
cost of commuting by railroad
$2,279.60
total deducted
1978
$3,054.91
total expenses for job-related use of car
- 840.00
cost of commuting by railroad
- 412.29
a portion of the reimbursement from IBM
$1,802.62
total deducted
The Commissioner disallowed the deduction for both taxable years. OPINION A taxpayer's cost of commuting between his residence and place of employment is generally a nondeductible personal expense. Secs. 1.162-2(e), 1.262-1(b)(5), Income Tax Regs.[5] In Fausner v. Commissioner,413 U.S. 838 (1973), however, the Supreme Court recognized an exception in the case of employees who are required by their employer to transport job-related tools to and from work and who thereby incur expenses in addition to the ordinary costs of commuting: [6]
*114 Congress has determined that all taxpayers shall bear the expense of commuting to and from work without receiving a deduction for that expense. We cannot read section 262 of the Internal Revenue Code as excluding such expense from "personal" expenses because by happenstance the taxpayer must carry incidentals of his occupation with him. Additional expenses may at times be incurred for transporting job-required tools and material to and from work. Then an allocation of costs between "personal" and "business" expenses may be feasible. [413 U.S. 839; footnotes omitted.] Petitioner claims that but for the necessity of carrying his tools, he would have taken the Long Island Railroad to work, thereby avoiding the greater expense of driving to work. It is on this basis that petitioner seeks to allocate his commuting costs under Fausner by subtracting the costs of commuting by public transportation, his deemed "personal" costs, from his total costs and calling the difference his "business" expenses. Fausner concerned an airline pilot who sought to deduct the entire cost of commuting the 42 miles between his home and his place of employment. *115 In an attempt to circumvent the established rule that commuting expenses are nondeductible personal expenses, the taxpayer argued that his expenses were incurred to transport his flight bag and overnight bag and were, therefore, ordinary and necessary business expenses. This Court disallowed the deduction intoto.[7] The Court of Appeals for the Fifth Circuit affirmed our opinion stating: This is not a situation where a proper allocation can be made by any analytical determination of actual cost of the deductible component. For example, the cost of maintaining an office in a home is subject to an approximation on the basis of the floor space utilized, and an attorney's fee can be allocated to deductible and nondeductible segments on the basis of the actual time involved for the various legal services. However, no rational basis has been suggested for allocation between the nondeductible commuting component and the deductible business component of the total expense here. Any attempt at such allocation in this situation would be no more than random speculation. [472 F.2d at 562.] *116 The taxpayer in Fausner failed to introduce any demonstrable evidence that, in transporting his two bags, he incurred any expense in excess of the nondeductible commuting expense he would have paid anyway. A crucial fact in Fausner was that the taxpayer would have driven his car to and from work whether or not be transported his two bags.The Fifth Circuit found that the taxpayer did not adequately show his entitlement to the "special relief which would distinguish him from other taxpayers because of the mere fortuity that he placed the bags he was required to carry in the trunk of his commuting vehicle." Fausner v. Commissioner,472 F.2d 561 563 (5th Cir. 1973), affd. 413 U.S. 838 (1973). In Hitt v. Commissioner,55 T.C. 628 (1971), this Court held that a taxpayer who would have used his automobile to travel to and from work in any event was not entitled to a deduction for transporting his tools or equipment. We explained that: [T]he need to transport equipment would not have burdened the taxpayer with any additional expense and the entire cost of going to and returning from work is a personal commutation expense. A *117 deduction for transporting heavy, bulky, unwieldy and cumbersome tools and equipment should be allowed only to the extent that the transporting of such items causes a taxpayer to incur expenses above and beyond those he would otherwise incur in commuting. [55 T.C. at 633.] Subsequently, in Feistman v. Commissioner,63 T.C. 129 (1974), a taxpayer attempted to come within the Fausner exception by claiming that his employer required him to have his car at work. Upon analyzing the evidentiary requisites of the Fausner standard, we held that this fact alone was insufficient to warrant a deduction: It is not enough * * * that the taxpayer demonstrate that he carried tools to work. He must also prove that the same commuting expenses would not have been incurred had he not been required to carry the tools. Thus, if he would have driven to work in any event, the fact that he carries "tools" with him is not an additional expense, and no part of the commuting cost is deductible. [63 T.C. at 135.] [8]
*118 Petitioner, under Fausner, has the burden of proving that he incurred expenses in addition to his basic nondeductible commuting expenses. The mere possibility that he might have taken public transportation is immaterial. In the instant case, petitioner conceded that it was when he began the night shift, eight years prior to the change in position which precipitated his tool carrying, that he stopped taking public transportation. Petitioner drove to work even before he began carrying his tools. He has not shown that he drives only because of the necessity of carrying his tools. Accordingly, we find that petitioner would have driven his car to work whether or not be carried his tools. Under the additional expense approach of Fausner, a taxpayer is entitled to a deduction only when he can demonstrate that there are expenses over and above his ordinary nondeductible commuting expenses and where the added costs are attributable solely to the necessity of transporting tools. The fact that petitioner would have driven to work under any circumstances repudiates his attempt to apportion his total expense between personal and business by subtracting the cost of public transportation. *119 There must be actual extra costs directly attributable to the tools which can be accurately determined before any Fausner-type allocation can be made. We find that petitioner has not proven any expense of carrying his tools that is in addition to his ordinary commuting expenses. [9]
Decision will be entered for the Respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended.↩
2. Roughly 95 percent of the total mileage is attributable to petitioner's commute. The remaining 5 percent is from actual job performance once inside the city. The total mileage figure for 1978 was stipulated by the parties.↩
3. Petitioner does not argue that he erroneously failed to reduce his total expenses in 1977 by the amount of reimbursement from IBM. ↩
4. The record does not account for the difference between the actual amount of reimbursement from IBM and what petitioner subtracted in arriving at his 1978 deduction.↩
5. See, e.g., Fausner v. Commissioner,413 U.S. 838, 839 (1973); Commissioner v. Flowers,326 U.S. 465, 473 (1946); Donnelly v. Commissioner,262 F.2d 411, 412 (2d Cir. 1959); Feistman v. Commissioner,63 T.C. 129, 134 (1974), appeal dismissed 587 F.2d 941 (9th Cir. 1978); Anderson v. Commissioner,60 T.C. 834, 835↩ (1973). 6. Feistman v. Commissioner,63 T.C. at 135; Gilberg v. Commissioner,55 T.C. 611, 618-619 (1971); Hitt v. Commissioner,55 T.C. 628, 632-633↩ (1971).
7. Fausner v. Commissioner,T.C. Memo. 1971-277↩.
8. This Court has applied this standard in a long line of tool cases, e.g., McGraw v. Commissioner,T.C. Memo. 1976-233; Manupello v. Commissioner,T.C. Memo. 1976-237; and Pool v. Commissioner,T.C. Memo. 1977-20↩.
9. We do not even arrive at the next step in the Fausner analysis which is to determine whether any excess costs qualify under sec. 162. Since there is no excess cost, no allocation between personal and business expenses can be made. See McCabe v. Commissioner,76 T.C. 876 (1981), affd. 688 F.2d 102↩ (2d Cir. 1982).