JULIANA CARTER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Carter v. Commissioner
Docket No. 7112-87.
United States Tax Court
T.C. Memo 1988-189; 1988 Tax Ct. Memo LEXIS 217; 55 T.C.M. (CCH) 747; T.C.M. (RIA) 88189; May 3, 1988. *217 Juliana Carter, pro se. Stewart Todd Hittinger, for the respondent. RUWE
MEMORANDUM FINDINGS OF FACT AND OPINION RUWE, Judge: Respondent determined a deficiency in petitioner's Federal income tax and additions to tax as follows: Additions to Tax
Year
Deficiency
[1] Sec. 6653(a)(1) Sec. 6653(a)(2)
1983
$ 1,298.00
$ 64.90
50 percent of
interest due on
underpayment of
$ 152.00
After concessions by both parties, the issues for decision are (1) Whether petitioner is entitled to deduct claimed automobile expenses and (2) whether petition is liable for additions to tax under section 6653(a). FINDINGS OF FACT Most of the facts have been stipulated and are so found. The stipulation of facts and attached exhibits are incorporated herein by this reference. Petitioner resided in Detroit, Michigan when she filed her petition. From March, 1980, until November, 1986, *218 petition worked for the Archdiocese of Detroit (Archdiocese) as an auditor-accountant performing parish audits within the Archdiocese. During the year in issue, 1983, petitioner worked only from April 4 through December 31, because she was on maternity leave for the first three months of the year. Petitioner worked at various parish locations approximately 105 days during 1983. Typically, petitioner drove her personal automobile, a 1978 Toyota Corolla with approximately 50,000 to 60,000 miles on it, from her residence to the parish location and returned to her residence at the end of the work day. The distance between petitioner's residence and the farthest parish location was nine miles. When not working at the parish field locations, petitioner worked at the Archdiocese office in downtown Detroit. Petitioner normally drove her personal automobile to and from the Archdiocese office. The Archdiocese office was about nine miles from petitioner's residence. During 1983, petitioner worked at the Archdiocese office approximately 66 days. Petitioner's contemporaneous work log reflects trips between the Archdiocese office and parish sites on five days during 1983. The farthest *219 distance between the Archdiocese office and any parish location at which petitioner worked or between any two of these parish locations was less than thirteen miles. Petitioner's residence, the archdiocese office, and each of these parish locations were all within the same metropolitan area. The Archdiocese reimbursed petitioner $ 224.18, during 1983, for her mileage to and from parish locations that exceeded the distance of her roundtrip commute to the Archdiocese office. Much of this excess mileage resulted from occasions when petitioner went to the Archdiocese office on the same day that she traveled to a parish site. On her 1983 return, petitioner claimed total automobile expenses of $ 3,398.00, including a depreciation expense of $ 940.00, based on an automobile business use of 40 percent. After subtracting out her reimbursement, petitioner reported as an employee business expense, automobile expenses of $ 3,173.82. In the notice of deficiency for 1983, respondent disallowed $ 2,538.82 of petitioner's claimed automobile expenses. Respondent has allowed a deduction of $ 635.00 for petitioner's estimated mileage between the Archdiocese and a parish location or between *220 parish locations. Respondent's adjustment in automobile expenses related entirely to amounts claimed by petitioner for driving between her residence and the parish locations. Petitioner does not have contemporaneous records to detail the actual mileage driven for the year in issue. Petitioner's records and cancelled checks reflect automobile expenses of $ 973.26. OPINION Respondent's position is that the disallowed portion of petitioner's automobile expenses are nondeductible commuting expenses and that, in any case, petitioner has failed to substantiate the amount of these expenses. A taxpayer's cost of commuting between his residence and his place of employment is a nondeductible personal expense. Fausner v. Commissioner,413 U.S. 838, 839 (1973); McCabe v. Commissioner,688 F.2d 102, 105 (2d Cir. 1982), affg. 76 T.C. 876 (1981). This rule applies whether the taxpayer travels between his residence and one fixed job site or between his residence and any one of a number of different job sites within the metropolitan area. Steinhort v. Commissioner,335 F.2d 496 (5th Cir. 1964), *221 affg. a Memorandum Opinion of this Court. Petitioner contends that in disallowing her automobile expenses respondent incorrectly applied Rev. Rul. 76-453, 1976-2 C.B. 86, which was indefinitely suspended in 1977. Ann. 77-147, 1977-42 I.R.B. 45. In this revenue ruling, the Service took the position that it would no longer apply the "temporary-indefinite" analysis in commuting cases, so that a taxpayer could not deduct transportation expenses incurred between his residence and place of work, even when his place of work was temporary. Prior to Rev. Rul. 76-453, however the Service took the position that a taxpayer could not deduct transportation expenses incurred between his residence and a temporary job site which was not beyond the metropolitan area of his principal or regular place of employment. See Rev. Rul. 190, 1953-2 C.B. 303. In this respect respondent's position has remained constant. It is clear that the taxpayer's cost of travel between his residence and a place of work which is within the metropolitan area of his regular *222 or principal place of employment is a nondeductible commuting expense. Steinhort v. Commissioner, supra at 505; Harris v. Commissioner,T.C. Memo 1980-56, affd. and remanded in an unpublished opinion 679 F.2d 898 (9th Cir. 1982). We have determined that none of there parish locations was outside the metropolitan area of petitioner's principal or regular place of employment. The expenses petitioner incurred in traveling between her residence and any of the parish locations are nondeductible commuting expenses. Although petitioner may deduct transportation expenses incurred between the Archdiocese office and a parish location or between any two parish locations, Curphey v. Commissioner,73 T.C. 766, 777 (1980), petitioner has failed to present evidence to substantiate any such expenses in excess of the amount which respondent has allowed. Accordingly, respondent's determination of this issue must be sustained. Respondent also determined that petitioner was liable for additions to tax for negligence under section 6653(a). These additions to tax were based entirely on respondent's determination that petitioner *223 failed to report $ 819.53 in interest income. Petitioner has stipulated that respondent's adjustment in interest income is correct. Petitioner has the burden of proving that she is not liable for additions to tax under section 6653(a). Bixby v. Commissioner,58 T.C. 757, 791-792 (1972). Petitioner has presented no evidence on this issue. Accordingly, respondent's determination must be sustained. Decision will be entered under Rule 155.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code, as amended and as in effect during the taxable year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩