DECISION
Plaintiffs appeal Defendant's denial of Plaintiff's (Nicholas Keneally) claimed employee business mileage deduction for tax years 2005 and 2006. A trial was held in the Oregon Tax Court courtroom, Salem, Oregon, on September 1, 2010. Richard Mitchell, Certified Public Accountant, appeared on behalf of Plaintiffs. Nicholas Keneally (Plaintiff) testified. Susan Farnsworth (Farnsworth), tax auditor, appeared and testified on behalf of Defendant.
Plaintiffs' Exhibits A through F and Defendant's Exhibits A through K were received without objection.
 I. STATEMENT OF FACTS
For tax years 2005 and 2006, Plaintiff was employed by Weekly Bros. Inc, a construction and excavation company. Plaintiff testified that his home is located approximately 45 miles from "the Glide shop" and he does not "go to the shop for his job." He testified that he does not have a "home office" for his employer. Plaintiff testified that it is common practice for him to leave his home "for a job site" and to "pick up gas, parts and people" on his way to a job site. Plaintiff's supervisor, Allan Weekly, President, Weekly Bros. Inc. wrote: *Page 2 
 "John uses his 2000 Ford F350 One Ton to provide transportation to and from our workplaces. * * * All needed supplies for the day's tasks as well as parts, fluids, tires and fuel for the piece of equipment he operates that day must be transported by his vehicle. Weekly Bros provided and installed a 90 gallon fuel tank, electric fuel pump, large dry box and an FM private band company radio into John's vehicle when he was employed for this use. Mr. Keneally also has a large tool box filled with hand tools mounted on his vehicle to perform daily maintenance and emergency repairs on our equipment, trucks and vehicles."
(Ptfs' Ex D-2.) Plaintiff testified that he maintained monthly work records, stating his hours worked, job name, job description and mileage to and from his home to the job site. (Ptfs' Exs B-1, B-2.) He testified that he is required to "file weekly PUC reports," reporting similar information found on his monthly work records. Plaintiff testified that when the state auditor concluded that he did not meet the Internal Revenue Code (IRC) section 274 substantiation requirements to deduct the claimed mileage he "reconstructed his mileage driven," using his monthly work records. (Ptfs' Exs C-1, C-2.) Plaintiff testified that both "his monthly work records" and reconstructed "mileage driven" contain the same information. (Id.) Plaintiff testified that he is entitled to deduct 25,586 miles in 2005 and 25,246 miles in 2006 as employee mileage business expense. (Id.)
Farnsworth alleges that Plaintiff is not entitled to deduct any of the claimed mileage as employee business expense. She testified that Plaintiff claimed the mileage on Federal Form Schedule C when he filed his 2005 and 2006 federal income tax returns. In response, Plaintiff testified that he engaged H R Block to prepare his tax returns in tax years 2005 and 2006. He testified that he "did not understand where it was deducted." During the audit, after he engaged the services of a certified public accountant, Plaintiff testified that his accountant "filed corrected returns for 2005 and 2006" and "moved" the mileage deduction to Federal Form Schedule A, claiming an employee business deduction. *Page 3 
Plaintiff's accountant stated that Plaintiffs were audited by the Internal Revenue Service for tax year 2007 and Plaintiff's "travel logs" were "accepted" by the Internal Revenue Service for that year.
Farnsworth claims that all of Plaintiff's mileage is "commuting expense" because he "leaves home and returns to his home." She testified that the distance from his home to the "Glide shop" is 90 miles. Farnsworth concluded that those miles are commuting miles and not an allowable deduction. Plaintiff responded that he was "picking up parts and employees" and going "wherever his employer said."
Farnsworth testified that there is an allowable deduction for "transporting work-related material," citing Revenue Ruling 75-380, if there is an "additional expense[] incurred for transporting work implements to and from work." (Def's Memo at 2.) Farnsworth concluded:
 "Even though plaintiff's truck incurred minor modifications to transport fuel and tools to work, plaintiff is not entitled to transportation expenses unless he is able to prove that he incurred additional expenses in transporting such items to work and that the amount of any additional expenses can be accurately determined."
(Id.) Plaintiff's accountant stated that it "is a major additional cost" for the employer to "modify" Plaintiff's truck. Plaintiff did not submit any evidence of the "major additional cost."
Farnsworth testified that Plaintiff has not met IRC section 274
substantiation requirements. She testified that Plaintiff's "logs" do not "show the distance between each and every business location." Farnsworth repeated that "commuting miles are not deductible."
 II. ANALYSIS
As this court has previously noted, "[t]he Oregon Legislature intended to make Oregon personal income tax law identical to the Internal Revenue Code (IRC) for purposes of determining Oregon taxable income, subject to adjustments and modifications specified in Oregon law. ORS 316.007."Ellison v. Dept. of Rev., TC-MD No 041142D, WL 2414746 (Sept 23, 2005). As a *Page 4 
result, the legislature adopted, by reference, the federal definition for deductions, including those allowed under section 162 of the Internal Revenue Code (IRC)[1] for trade or business expenses.[2] IRC section162 allows a taxpayer to deduct transportation expenses incurred in connection with a business. "Only such traveling expenses as are reasonable and necessary in the conduct of the taxpayer's business and directly attributable to it may be deducted." Treas Reg § 1.162-2(a). Treasury Regulation section 1.162(b)(1) additionally provides that when a taxpayer travels to a destination and while at the destination engages in both business and personal activities, traveling expenses to and from such destination are deductible "only if the trip is related primarily to the taxpayer's trade or business."
IRC section 262 generally disallows deductions for personal, living, or family expenses not otherwise expressly provided for in the IRC. Section 1.162-2(e) of the Treasury Regulations (regulations) provides that commuting expenses are not considered business expenses. Section 1.262-1(b)(5) of the regulations provides that commuting expenses are considered personal expenses. It has long been held that the expenses a taxpayer incurs in commuting between his home and place of business are personal and nondeductible. See Commissioner v.Flowers, 326 US 465, 473-4,66 S Ct 250, 90 L Ed 203 (1946); Sullivan v.Commissioner, 1 BTA 93, 94-5
(1924); Heuer v. Commissioner, 32 TC 947, 951-2 (1959), aff'd, 283 F2d 865
(5th Cir 1960). When a taxpayer travels between home and job during a workday, the expense of these round trips constitutes personal commuting cost and is nondeductible. See Heape v. Commissioner, 64 TCM (CCH) 1307
(1992). A taxpayer with more than one employer or regular place of work must treat the expense of travel from his home to his first job site and from his last job site to his *Page 5 
home as a nondeductible commuting cost. See Steinhort v. Commissioner,335 F2d 496, 505 (5th Cir 1964).
In Rev Rul 90-23, the IRS clarified the issue of deductibility of the costs of commuting to a temporary job site and held that those costs were deductible on the part of a taxpayer who has one or more regular places of business. Rev Rul 94-47 clarified Rev Rul 90-23 to provide that a taxpayer must have a principal place of business in his residence or at least one regular place of business located "away from the taxpayer's residence" in order to deduct daily transportation expenses incurred in going between the taxpayer's residence and a "temporary work location" in the same trade or business, regardless of the distance. In Rev Rul 99-7, the IRS redefined "temporary work location" as originally stated in Rev Rul 90-23. The IRS stated that if employment at a work location is realistically expected to last (and does in fact last) for one year or less, the employment is temporary in the absence of facts and circumstances indicating to the contrary.
Allowable deductions from taxable income are a "matter of legislative grace" and the burden of proof (substantiation) is placed on the individual claiming the deduction. INDOPCO, Inc. v. Commissioner,503 US 79, 84, 112 S Ct 1039, 117 L Ed 2d 226 (1992). See also ORS 305.427 (2007) (providing that the burden of proof in the Tax Court is a preponderance of the evidence and falls upon the party seeking affirmative relief). IRC section 274(d) imposes strict substantiation requirements for mileage expenses. In order for a taxpayer to deduct the miles traveled in his personal automobile as a business expense during a taxable year, a taxpayer must substantiate by adequate records or by sufficient evidence corroborating his own statement: (1) the amount of the expenditure; (2) the mileage for each business use of the automobile and the total mileage for all uses of the automobile during the taxable period; (3) the date of the business use; and (4) the business purpose of the use of the automobile. Treas Reg § 1.274-5T(b)(6). While the Internal Revenue *Page 6 
Service regulations do not require a specific form of record, the taxpayer should keep a diary, account book, trip sheet, or something similar, in which entries can be made while the taxpayer has full present knowledge of the reasons for the travel. See Treas Reg §1.274-5T(c)(2)(i).
 "A taxpayer is required by section 274(d) to substantiate a claimed expense by adequate records or by sufficient evidence corroborating the taxpayer's own statement establishing the amount, time, place, and business purpose of the expense. Sec. 274(d). Even if such an expense would otherwise be deductible, the deduction may still be denied if there is insufficient substantiation to support it. Sec. 1.274-5T(a)."
Boyd v. Comm'r, 83 TCM (CCH) 1253 (2002) (emphasis added).
Plaintiff's evidence in support of an allowable deduction for the transportation expense were a detailed daily time report including beginning and ending odometer readings for each month of tax year 2005 and 2006 and a reconstructed travel log duplicating the mileage information reported on the monthly time reports. (Ptfs' Exs B-1, B-2, C-1, C-2.) Defendant concluded that Plaintiff's records were inadequate because Plaintiff failed to report the mileage between each location. The court concludes that Plaintiff's records were adequate to meet the substantiation requirement.
The law is clear that an individual can claim a transportation deduction if he has at least one regular place of business and is going between the taxpayer's residence and a "temporary work location" in the same trade or business, regardless of the distance. Rev Rul 94-47. Plaintiff's regular place of business was the Glide shop. Plaintiff testified that the round trip distance between his home and the Glide shop was 90 miles. Many of the entries in the monthly reports were for 90 miles, no more and no less, and included a line entry reference to "shop." The court agrees with Defendant that where the daily line entry includes a reference to the Glide shop Plaintiff's commuting distance was 90 miles; amounts in excess of 90 miles are an allowable transportation deduction incurred to pick up parts, fuel, or travel to a temporary work location. The court concludes that where there is no reference to "shop" on the daily line entry Plaintiff is entitled to a transportation deduction for travel to a temporary work location. *Page 7 
A deduction is allowed for expenses incurred in excess of ordinary commuting expenses for transporting job-related tools and materials. Rev Rul 75-359. The excess cost approach to deductibility of transporting job-related tools and materials focuses solely on whether a taxpayer incurs expenses for transporting job-related tools and materials to and from work in addition to the nondeductible personal expenses of commuting to and from work. Fausner v. Commissioner, 413 US 838 (1973). There was no evidence that Plaintiff incurred excess costs or expenses for transporting job-related tools and materials. To the contrary, there is evidence that his employer incurred the cost to modify Plaintiff's personal vehicle, allowing Plaintiff to transport job-related tools and materials.
 III. CONCLUSION
After careful review of the testimony and evidence, the court concludes that Plaintiff provided adequate substantiation to deduct transportation expenses after a reduction for commuting expenses. Now, therefore,
IT IS THE DECISION OF THIS COURT that for tax year 2005 Plaintiff's allowable transportation deduction is 5,746 miles; and *Page 8 
IT IS FURTHER DECIDED that for tax year 2006 Plaintiff's allowable transportation deduction is 5,168 miles.
Dated this ____ day of January 2011.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date ofthe Decision or this Decision becomes final and cannot be changed.
 This document was signed by Presiding Magistrate Jill A. Tanner onJanuary 11, 2011. The Court filed and entered this document on January11, 2011.
[1] All references to the IRC and accompanying regulations are to the 1986 code, and include updates applicable to 2005 and 2006.
[2] IRC section 162(a) allows a deduction for "all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business."